## LOUNSBERY V. ERICKSON.

A plaintiff, by retaining the costs paid pursuant to an order vacating a default judgment against defendant, waives his right to appeal therefrom.

(Opinion filed December 31, 1902.)

Appeal from circuit court, Moody county.   Hon. J. W. JONES, Judge.

Action by H. J. Lounsbery against Peter Erickson.   From an order opening a default judgment and granting defendant leave to answer, plaintiff appeals.   Dismissed.

*Harry Kunkle* and *S. H. Wright*, for appellant.

*George Rice*, for respondent.

CORSON, J.   This is an appeal from an order vacating and setting aside a default judgment and granting defendant leave to answer.   The judgment was vacated and set aside upon the

ground that the defendant failed to answer the complaint through his mistake, inadvertence, surprise, or excusable neglect. The order vacating and setting aside the judgment contained the following conditions: It is ordered that, upon the clerk's costs being first repaid by the defendant, the judgment be and the same is hereby set aside, and the defendant granted leave to answer said complaint." The clerk's costs were paid to and retained by the plaintiff. The respondent has moved this court to dismiss the appeal upon the ground that plaintiff, having accepted and retained the clerk's costs ordered to be paid by the court below as a condition upon which the judgment would be vacated and set aside and the defendant have leave to answer, has waived his right to appeal, and is now estopped from asserting that the court below committed error in granting the order. The rule. seems to be recognized that, where a party accepts and retains the benefits of an order, he is estopped from questioning the correctness of that order, and is in no position to object to the defendant's claiming the benefit intended for him by the same order. In Smith v. Coleman, 77 Wis. 343, 46 N. W. 664, the supreme court of Wisconsin, in an analogus case, uses the following language: But as it is evident from what appears in this record that the appellant must have received and accepted the costs awarded to him by the court as a condition of opening the default of the defendant, he has waived any right to complain of such order. Having received from the defendant the benefit of the order on his part, he cannot object to the defendant's claiming the benefit of the same order on his part. If the plaintiff ever had a right to appeal from such order, he has waived it by accepting the costs awarded to him as the condition upon which the order

was granted to the defendant." And that learned court, in the subsequent case of Cook v. McComb, 98 Wis. 526, 74 N. W. 353, again says: "But upon the facts stated, the objection is not available to the plaintiff. The new trial was granted upon the express condition that the defendant should pay the plaintiff's costs in the action, together with the costs of the motion. By accepting such costs, the plaintiff is estopped from making any available objection to the granting of such new trial." This court, in Male v. Harlan, 12 S. D. 627, 82 N. W. 179, has laid down substantially the same rule. See the same case on rehearing,—91 N. W. 1117.

We are clearly of the opinion, therefore, both upon principle and authority, that the motion of respondent should be granted and the appeal dismissed, and it is so ordered.