MAYFLOWER INVESTMENT COMPANY v. A. BRILL, doing business under the name of Brill Electric Company; CONTINENTAL CONSTRUCTION COMPANY, a Florida Corporation; LONDON OPERATING COMPANY, a Florida Corporation, and McDONALD ELECTRIC Co., INC., a Florida Corporation.

180 So. 754.
Division B.
Opinion Filed April 28, 1938.

*A. M. Reder* and *Thomas H. Anderson,* for Appellant;
No appearance for Appellees.

PER CURIAM.—In a previous order of this Court petition for rehearing was denied, but the Court has, upon further consideration of said petition, reached the conclusion that a rehearing should be granted. It appears that the cause below was dismissed by the court without notice to the intervenor, appellant here, and that the intervenor had a vital interest in the cause, and was entitled to notice. It is true that Section 70 of the 1931 Chancery Act provides that petition for rehearing shall be filed within twenty days, whereas this petition to vacate the order dismissing the

cause was not filed until several months had elapsed. However, the petition to vacate alleged that the defendant had no notice and was without knowledge of the decree of dismissal until shortly before the petition to vacate was filed. It is contended by the appellant that inasmuch as it had been allowed to intervene in the cause below, after due notice to all parties, and had been allowed to file its bill of intervention, setting up its interest in the subject matter of the suit, that it had acquired a vested interest in such subject matter of the suit of which it could not be deprived, by order of dismissal, granted on the motion of the complainant, without notice to or knowledge of, the appellant-intervenor, and that therefore the said order of the court dismissing the cause was void, or at least voidable, as to appellant.

In view of these circumstances, and in view of the importance of the question presented the Court has decided to vacate its order denying rehearing, and does hereby grant a rehearing in this cause, upon briefs and without oral argument. Appellant is granted twenty days in which to file its brief on this rehearing and appellees are granted fifteen days thereafter in which to file a reply brief.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL, J. J., concur in the opinion and judgment.

BUFORD, J., dissents.