STATE, *ex rel.* JOHN L. BERRY, v. HON. WORTH W. TRAMMELL, Circuit Court, Eleventh Judicial Circuit, Dade County.

183 So. 819.

Division A.

Opinion Filed October 4, 1938.

Rehearing Denied November 2, 1938.

*Blackwell & Walker,* for Relator;
*Van C. Swearingen,* for Respondent.

PER CURIAM.—On proceedings in prohibition it is shown that on the 9th day of August, 1932, in a law action then pending in the Circuit Court in and for Dade County, a final judgment was entered as follows:

"This cause coming on to be heard upon the motion of John L. Berry, one of the defendants, for an order of dismissal herein, in favor of the defendants and against the plaintiff, upon the plaintiff's failure to make application unto this Court for leave to file a further amended declaration, pursuant to an order of this Court dated the 25th day of July, A. D. 1932, allowing the plaintiff ten days in which to make said application to file a further amended declaration, and it further appearing from Clerk's Certificate that no application has been made, nor has any order been entered allowing the filing of said further amended declaration, and the Court having been duly advised in the premises, it is, therefore,

"CONSIDERED, ORDERED AND ADJUDGED that this cause be and the same is hereby dismissed, and that the plaintiff, Frank Eguiguren, take nothing by his plaint; that the defendant, John L. Barry, go hence without day, and that the same named defendant do have and recover of and from the plaintiff, Frank Eguiguren, his costs in this action now and here taxed at $*None,* for which let execution issue.

DONE AND ORDERED in Chambers at Court House, Miami, Florida, this 9th day of August, A. D. 1932."

Thereafter, on August 12th, 1932, a motion was filed as follows:

"Comes NOW the plaintiff, Frank Eguiguren, by and through his attorney, Van C. Swearingen, and moves the Court to set aside that Order of Dismissal made and entered by the Honorable Uly O. Thompson on the 10th day of August, A. D. 1932, upon the following grounds, to-wit:

"FIRST: That said declaration in compliance with the Court's Order was attempted to be presented to the Judge of this court, to-wit, Honorable Uly O. Thompson, but on the day said declaration was attempted to be presented, and within the ten days allowed, said Judge was absent from the City also was counsel for plaintiff absent from the City and the same was attempted to be presented by William J. Pruitt, Esq., and he not being able to present same to the Judge did file said declaration to show than an attempt was made to comply with the Order of this Honorable Court.

"SECOND: That counsel for the defendant did not serve Plaintiff or his attorney with any notice of any motion for a dismissal of said cause since the filing or attempt to present said declaration to the Court in compliance with the Order heretofore made; or made no attempt to inform counsel for Plaintiff of said Motion and failed to comply with any of the rules or regulations in reference to the procedure in this jurisdiction."

There is no showing that this Motion was called up or any action taken thereon until the 2nd day of December, 1935, when an order was entered, as follows:

"This cause coming on to be heard upon the petition of the plaintiff, Frank Eguiguren, for an order reinstating the above entitled cause, and it apearing to the court that the

order of dismissal entered on August 9th, 1932, was entered without notice having been given to the plaintiff, and it further appearing that the plaintiff did file in the office of the Clerk of the Circuit Court a third amended declaration which counsel for plaintiff alleges in his motion was attempted to be presented to a Judge of this Court, but that said Judge was absent from the City, and that thereupon in an effort to comply with the order made by said Court, said third amended declaration was filed as aforesaid, and within the time provided for in the order of this Court, permitting the presentation of said third amended declaration.

"Thereupon it is considered by the Court that the said cause should be reinstated, and it is so ordered.

"Done and Ordered in Chambers at Miami, Florida, this 2nd day of December, A. D. 1935.

"Worth W. Trammell, Circuit Judge.

"Filed this 3 day of December, A. D. 1935, and recorded in Circuit Court Minutes No. 93, page 241.

"E. B. Leatherman, Clerk, Circuit Court
"By H. Gardner, Deputy."

The court lost jurisdiction of the cause when the final judgment above quoted became absolute with the running of time and the Court was without jurisdiction to enter the order of December 2nd, 1935, filed and recorded on December 3, 1935. See State, *ex rel.* Crocker, v. Chillingworth, 106 Fla. 323, 143 Sou. 346.

The writ of prohibition absolute is awarded.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.