**REINHOLD ENDER, et al., v. S. M. MERCER**

7 So. (2nd) 340                          Division A
April 3, 1942

Opinion filed April 3, 1942.

Leitner & Leitner and W. E. Leitner, for petitioners.

W. W. Whitehurst, for respondent.

PER CURIAM:

Petitioner seeks to have reviewed on certiorari under Rule 34 an order of the Circuit Court entered on January 3, 1942, vacating an order entered on the 30th day of June, 1941, dismissing a suit for want of prosecution.

At the time the cause was dismissed the same was at issue on bill and answer; the time had expired for taking testimony but no testimony had been taken.

The order here complained of states:

"This cause came on to be heard on application for an order vacating and setting aside a previous order

dismissing this cause and reinstating the said cause and directing that the said cause proceed to the taking of testimony, and it appearing from the verified motion and the files in this cause, that the defendant's answer was filed in said cause on May 6, 1940, and no further proceedings were had and taken in said cause until an order was entered on June 30, 1941, dismissing the cause for want of prosecution and it now appearing that said order was entered through error and misapprehension and said cause was not subject to dismissal for want of prosecution at the time said order was entered and is not now subject to dismissal for want of prosecution and complainant desiring to proceed with said cause, and having given due notice to counsel for the defendants of application for an order vacating and setting aside said previous order and that application would be made for the appointment of a special master to take the testimony in said cause and fixing the time within which the parties hereto shall be allowed to take their said testimony, and the court being fully advised in the premises is of the opinion that said motion should be granted and said cause be reinstated in order to do justice to all parties and protect the right of all parties concerned.

"It Is, Therefore, Considered, Ordered and Adjudged that the order entered herein on June 30, 1941, dismissing this cause be, and the same is hereby vacated and set aside, the same having been entered in error and the said cause is reinstated and is hereby referred to Clyde Maddox, a practicing attorney, with directions to take and report the testimony herein to the court with his findings, with all convenient speed.

"It Is Further Ordered, Adjudged and Decreed That.

the time within which the parties hereto shall be allowed to take their said testimony before the Master is filed at sixty days from the date of this order.

"Done and Ordered in Chambers at Bartow, Florida, this 3rd day of January, A. D. 1942."

On petition for rehearing being presented, the Court entered the following order:

"This cause is before the Court on motion to vacate and set aside an order entered by this court vacating and setting aside its previous order by which order this cause was dismissed for want of prosecution. The records show that the cause had been pending for about a year and was at issue on the answer filed by the defendant to the Bill of Complaint. In this situation a motion was presented to the Court to dismiss the cause for want of prosecution and at the time of the presentment of said motion by counsel for the defendant it was represented to the Court by the attorney for the defendant that he believed the suit was abandoned by plaintiff and that he, the plaintiff, did not further care to prosecute said suit and based on such premises the Court inadvertently entered an order dismissing the cause for want of prosecution. That the record in this cause discloses no notice was given to plaintiff or his counsel of the presentment of said motion. This Court is of the opinion that this previous order of dismissal was improperly and inadvertently entered, and that the cause was not subject to dismissal for want of prosecution, and that, therefore, the subsequent order entered by the Court setting aside the order of dismissal and reinstating the cause and referring it to a Master, all of which was done with notice, was the proper order.

"It is Therefore Ordered and Adjudged that the

motion of the defendant to vacate and set aside the order reinstating this cause is denied.

"Done and Ordered at Chambers in Bartow, Polk County, Florida, this 27th day of February, A. D. 1942."

We have held:

"An order dismissing the case was a 'final judgment' and became absolute on expiration of 20 days, subject to appeal within 6 months. Acts 1931, Ch. 14658, Sec. 70.

"Where no appeal was entered from order dismissing a case within 6 months period, court lost jurisdiction of subject matter and of parties, and hence properly denied subsequent motion to vacate the order of dismissal and to reinstate the cause. Acts 1931, Ch. 14658, Sec. 70."

See Mayflower Investment Co. v. Brill et al., 131 Fla. 70, 178 Sou. 827; same case, 132 Fla. 530, 180 So. 754.

It appears in this case, however, that the order dismissing the cause was inadvertently entered and was entered without notice when the cause was not subject to dismissal for want of prosecution. The record was then in such state that either party could have set the same down for final hearing on bill and answer.

It also appears from the order made in the cause, supra, that the court was led to believe that the complainant had abandoned his cause and did not wish to prosecute the same.

Under such circumstances, we hold that the order of dismissal was not an effective final judgment and that the order of the chancellor insofar as it vacated the order of dismissal and reinstated the cause, was

without error and that no abuse of judicial discretion on the part of the chancellor is shown. However, insofar as the order complained of allowed the parties additional time in which to take testimony we find from the record no sufficient showing to warrant such order of extension. Therefore, that part of the order should be and is quashed on certiorari granted, with leave, for either party to make application to the court below for extension of time and, if he can, show cause why such order of extension should be granted.

It is so ordered.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, JJ., concur.