Schleif, Appellant, vs. Karass and others, Respondents.

*December 4, 1951—January 8, 1952.*

*Holley Cooley* of Milwaukee, for the appellant. ·

*Quarles, Spence & Quarles* and *Arthur Wickham,* all of Milwaukee, for the respondents Charney.

FRITZ, C. J.· In an action by Agatha Schleif against the defendants, Charlotte and R. M. Karass, and Rachel and Sydney C. Charney, the summons and complaint were served on December 20, 1950. Prior to January 22, 1951, plaintiff's attorney agreed with the defendants' attorney to extend time to answer; and about May 1, 1951, he gave a "short" additional time to answer. About April 16, 1951, plaintiff's attorney by letter and telephone was offered the opportunity to serve notice of trial so that he could place the case on the trial calendar to avoid delay. On May 17, 1951, counsel for defendants Karass served an answer and plaintiff's attorney admitted service, and that answer was filed in court on May 18, 1951. On May 22, 1951, an original and copy of the answer of the defendants Charney were forwarded to plaintiff's attorney who returned them with a letter stating that they were being returned without admitting service because of defendants' alleged failure to comply with certain statutory provisions. On May 31, 1951, defendants' attorneys received notice of a motion by plaintiff's attorney "for an order denying the acceptance of any answers proposed by any of the defendants, and for an order allowing plaintiff to prove her complaint and have judgment against defendants." Hearings were held on that motion and on opposing motions by defendants' attorneys, and a final hearing was held on June 26, 1951, by Circuit Judge O'NEILL. The court ruled that good cause appeared from affidavits filed by defendants' attorneys and that the plaintiff was not prejudiced by

defendants' failure to timely serve and file their respective answers; and the court ordered that plaintiff's motion denying acceptance of defendants' answers and allowing the plaintiff to prove up her complaint and for judgment, be denied. The court also ordered that the defendants Karass' answer, previously filed, stand as their answer; that defendants Charneys' proposed answer, sought to be served on plaintiff's counsel about May 22, 1951, be filed and constitute their answer; and ordered that defendants Charney pay the plaintiff's counsel $10 "as motion costs herein." In compliance with that order plaintiff's attorney duly received and accepted from Charneys' attorney a draft for $10 for the costs which the court ordered them to pay, and that draft was cashed by plaintiff's attorney.

On August 23, 1951, there was served upon defendants' attorneys a notice of appeal by the plaintiff in which she purported to appeal from the above-stated order "and the whole thereof." Defendants moved to dismiss the appeal on the ground that the order extending the defendants Charneys' time to answer the complaint, and relieving them from a default because of their failure to answer the complaint, is not an appealable order.

Defendants contend that because that order does not in effect determine the action and prevent a judgment from which an appeal might be taken, the order is not within the provision of sec. 274.33, Stats., to wit:

"The following orders when made by the court may be appealed to the supreme court:

"(1) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken. . . ."

In *Port Huron E. & T. Co. v. Rude,* 101 Wis. 324, 325, 77 N. W. 177, on an appeal from an order opening a default, the court stated:

"Upon the authority of the case of *Ledebuhr v. Grand Grove,* 97 Wis. 341, 72 N. W. 884, the order in question must be held not appealable. It is not appealable under sub. 1, sec. 3069, Stats. 1898, because it does not determine the action, nor prevent a judgment from which an appeal may be taken. Neither is it appealable under sub. 2 of the same section, because it is not a *final* order after judgment. As said in the case cited: 'It concludes nothing; it leaves everything open for future proceedings and investigation.' Had the motion been denied, then the order would clearly have been a *final* order, as held in the case of *Purcell v. Kleaver,* 98 Wis. 102, 73 N. W. 322, and hence appealable."

Likewise in *Old Port Brewing Corp. v. C. W. Fischer F. Co.* 228 Wis. 62, 279 N. W. 613, the court held that an order opening up and vacating a default judgment was not appealable. It was pointed out that an order of that type concludes nothing and leaves everything open to future proceedings.

Furthermore, in this case the court's order extending the time for the Charneys to answer the complaint required their paying plaintiff $10 motion costs; and Charneys' attorneys, by their check, paid that amount to plaintiff's attorney and he cashed the check. As plaintiff's attorney accepted and cashed the $10 check paid by Charneys' attorneys, there was waived the plaintiff's right to appeal, although her attorney subsequently sent a check for $10 to Charneys' attorneys. Consequently, there are applicable the conclusions stated in *Smith v. Coleman,* 77 Wis. 343, 348, 46 N. W. 664, to wit:

". . . as it is evident from what appears in this record that the appellant must have received and accepted the costs awarded to him by the court as a condition of opening the default of the defendant, he has waived any right to complain of such order. Having received from the defendant the benefit of the order on his part, he cannot object to the defendant's claiming the benefit of the same order on his

part. If the plaintiff ever had a right to appeal from such order, he has waived it by accepting the costs awarded to him as the condition upon which the order was granted to the defendant." (Citing cases.)

*By the Court.*—Defendants' motion to dismiss the appeal is granted with $15 costs to be paid by the plaintiff.