MATHEWS, Justice.
In this cause rule nisi in prohibition issued. Answers have been filed.
Respondent, Cooper, filed bill of complaint on the 17th of September, 1951, for the purpose of foreclosing certain claims of lien against some real property. Various pleadings and steps were taken in the case until July 9, 1952, on which date the relators here filed answers to interrogatories which had been propounded by said respondent. On the 10th of July, 1953, a motion was filed to dismiss the cause because no action had been taken by the filing of any pleading, order of the Court, or otherwise, for a period of more than one year. At the time of the filing of the motion to dismiss, an affidavit of the Clerk of the Circuit Court was filed which set forth that the last instrument filed in the proceeding was on July 9, 1952. Based upon this motion and affidavit an o’rder of dismissal was entered on July 10, 1953, in accordance with the provisions of Section 45.19, F.S., F.S.A.
On the 14th day of August, 1953, the respondent, Cooper, filed a motion to quash and vacate the order of dismissal and to strike the motion to dismiss. On August 18, 1953, a hearing was had on the two last-mentioned motions and on the 21st of August, 1953, the Judge made an order vacating and quashing the order of dismissal which had theretofore been entered. Thereafter, notice was given of a motion for appointment of a Special Master; Special Master was appointed by the Judge to take testimony; and notice was given by the Master that he would take such testimony.
It does not appear from the record that any petition to reinstate the case upon good cause shown was at any time filed in this *565 cause. The only thing shown is' the motion to quash and vacate the order of dismissal and to strike motion to dismiss and motion for release of funds which was filed August 14, 1953, which was more than one month after the order of dismissal had been made and entered.
The only question presented necessary for the determination of this cause is: did the Chancellor have jurisdiction of the cause after the expiration of a period of one month from the date of an order dismissing the cause in strict conformity with Section 45.19, F.S..F.S.A.?
Section 45.19, F.S.,F.S.A., is controlling in this case. It is unnecessary to quoté the same in full. The motion to dismiss was made in strict conformity with the terms of the statute and said motion was granted and order of dismissal made by the Chancellor. After the entry of such order more than one month passed without any petition for reinstatement having been filed, as allowed and provided for by said Section 45.19, F.S.,F.S.A.
In the case of Ivy H. Smith Co. v. Moccia, Fla., 59 So.2d 629, 630, this Court said:
“ * * * the order of dismissal became final and the jurisdiction of the court came to an end when the motion to reinstate was not made within one month. * * * Scarlett v. Frederick, 147 Fla. 407, 3 So.2d 165; State ex rel. Berry v. Trammell, 134 Fla. 154, 183 So. 819; Ex parte Smith, 168 Ala. 179, 52 So. 895.”
See also B. & L. Trucking Co v. Loftin, Fla., 63 So.2d 276.
It is apparent, from the answer, that the Chancellor was under the impression that he had jurisdiction to control, set aside or quash his orders at any time during the term because of a rule. Such rule to which reference was made applies only in common-law actions where terms of court are provided for. There is no fixed term of court for the Chancery Court. Even if there was such a fixed term, no 'circuit ■court-adopted rule could supersede the statute, Section 45.19, F.S.,F.S.A., which is controlling in this case.
In this case it' appears that at the time of the filing tif the motion to quash and vacate the order of dismissal more than one month had passed since the entry of the order of dismissal in compliance with Section 45.19, F.S.,F.S.A., and that the jurisdiction of the Court had come to an end. The proceedings and orders taken or entered more than one month after the entry of the order of dismissal are null and void, and the Circuit Court is without jurisdiction to proceed further in this cause. ■
The rule. nisi is made absolute and the writ of prohibition as prayed for is granted.
It is so ordered.
ROBERTS, C. J., and TERRELL and SEBRING, jj., concur.