TERRELL, Justice.
In a breach of contract action, Joseph Benach and his wife, plaintiffs, recovered a judgment against Allied Van.Lines,.Inc., in the Civil Court of Record of Dade County. No answer was filed to the complaint as required by the rules so the judgment was by default, on which the final judgment was duly entered. On July 29, 1952, plaintiffs secured a writ of garnishment in aid of enforcing the final judgment. Defendants promptly moved to set aside the def ault and final judgment. July 6, 1953, said motion was granted by the Civil, Cojirt of Record and the case was placed on the calendar for trial. Appellants- forthwith petitioned the Circuit Court .of Dade County for an alternative writ of mandamus commanding the Judge pf the Civil Court.,pf Record to vacate and set aside, his order of July 6, setting aside the default and, final judgment. The alternative writ was granted. The Judge of the Civil Court of .Record amswered, the Circuit Court adjudicated respondent’s.- return- -to be sufficient, denjed the .motion for peremptory writ. and dismissed the petition for. alternative writ with prejudice. We are . confronted with an appeal from that order.
The only .point presented.for.determination -is whether or not the-Civil Court of Record .of’ Dade County had jurisdiction to set aside, the default entered April 3, 1953.
Section 50.10 Florida Statutes, F.S.A. provides that for good cause shown, default for want of appearance or’ pléa may be set aside and timé fixed by the court’ to plead, provided application therefor is -made within 60 days, from entry- of the défáult, *746 unless' a term of, court intervenes, in which event, application must be made during' the term. In this case it appears that the application was made more than 85 days after entry of the default and more than 75 days after entry of the final judgment.
 Appellees contend that- the default and final judgment were entered, account of mistake of law and fact. It appears from the record, however, that failure to appear and plead to the complaint was due to negligence on the part of defendants in that they misplaced the summons and copy of the complaint. It is also, contended that failure of the clerk of the Civil Court of Record to enter tíie default in the proper docket relievés it from the effect of the sixty day limitation, but this contention overlooks Section 28.29, Florida Statutes, F.S.A. making recordation of the default unnecessary. This contention also overlooks the fact that the final judgment was entered and recorded as the last-cited statute requires. Both the default and final judgment appeared' in the progress docket.
It is last contended by appellees that the' damáges claimed being unliquidated, should have been imposed by a jury as required by Section 50.09, Statutes of 1951, F.S.A., while 30 F.S.A. Common Law Rule 6 provides that such matters may proceed ex parte after default unless other claims are included in the pleadings. ' Aside from this, the damages in question were supported by affidavits. Moore v. Boyd, Fla., 62 So.2d 427, is also relied on but the’ factual background of that'case was such as to relieve it from the rule governing the case at bar.
Despite appellee’s objections, it appears that the original default judgment of the Civil Court of Record was regular, that the time to move against such default judgment as provided by Section 50.10, Florida Statutes, F.S.A., had expired, so the Civil Court of Record had lost jurisdiction to interfere with it.
Approval in mandamus by the Circuit Court, of the action of the Civil Court of Record in opening the default judgment and setting the matter on the trial docket, is reversed with instructions to issue the peremptory writ of mandamus in accordance with this opinion.
Reversed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJi, concur.