91 So.2d 337 (1956)
John CAPERS and Louise Capers, his wife, Appellants,
v.
Thomas R. LEE, Individually and as Attorney-in-Fact for Julia Kenny, a widow, Helen Sims, a widow, Reginald L. Lee, a single man, and Albertha Lee, his wife, Appellees.
Supreme Court of Florida. Division A.
December 19, 1956.
R.P. Terry, Miami, for appellants.
B.C. Fuller, Miami Beach, for appellees.
HOBSON, Justice.
Appellants were the defendants below. Since only a procedural point is presented for adjudication the facts of the case are not before us, and we will confine ourselves to the procedural history.
Plaintiffs (appellees) filed their complaint in chancery on October 24, 1955. A motion to dismiss was granted and an amended complaint was filed on January 6, *338 1956. A motion to dismiss the amended complaint was granted and on February 9, 1956, the court entered its order dismissing the complaint and allowing thirty days to amend. Plaintiffs failed to amend within the allotted time, and on March 21, 1956 defendants moved for dismissal for failure of plaintiffs to plead. This motion was heard and granted on the same day, and an order was entered thereon, but these proceedings were heard ex parte and no notice of the motion or copy of the order was served upon the plaintiffs.
The order entered on March 21, 1956, dismissed the suit with prejudice.
On May 17, 1956, plaintiffs filed a second amended complaint. On June 13, 1956, plaintiffs moved to vacate the order dismissing the cause. The grounds of this motion were that counsel for the plaintiffs had not been served with a copy of the order of February 9, 1956, had not been served with a copy of the order of dismissal of March 21, 1956, and had been unaware of the dismissal of the cause when the second amended complaint was filed on May 17, 1956; that because of the involved nature of the litigation counsel for the plaintiffs made extensive research before the filing of the second amended complaint, which required longer than thirty days, and that counsel for the plaintiffs, at the hearing on the merits of the motion to dismiss on February 9, 1956, had received the impression that the time allowed for the filing of the second amended complaint was ninety days.
On June 21, 1956 an order was entered denying the motion to vacate the order dismissing the cause. In this order, however, the court made the following statements:
"The plaintiffs give no excuse for the delay of ninety days before amending other than to state that they thought that at the time of the hearing when the Court fixed the thirty days for amendment, the Court had allowed ninety days rather than thirty days. While this Court is not much impressed with that reason, since it is most unusual, if not unprecedented, to allow ninety days to amend a pleading, I feel, in the interest of justice, the party should be entitled to file their case and have their day in Court, and I don't think opposing parties are particularly prejudiced if they are given full opportunity to defend, however, because of the long delay in this case the motion to vacate the order of dismissal will not be granted as the same is now opposed by defendants.
"Of its own motion, however, the Court hereby amends the order of dismissal of March 21, 1956, which is recorded in Chancery Order Book 1230, page 293; to eliminate the words `with prejudice' and to provide that said order of dismissal shall be `without prejudice'. This action of the Court likewise is taken over objection of counsel for defendants at this hearing, but is being taken because it is the feeling of the Court that as long as the Court had granted leave to amend, the action of the court up to that point in this case was not with prejudice, and while the failure or inadvertence of counsel in meeting the time set by the Court justifies dismissal, it does not amount to any determination of the cause on its merits so as to preclude the possible filing of the suit in a separate action."
It is from this order that the present appeal is taken.
After the order of March 21, 1956, dismissing the suit with prejudice, not only did the time for appeal run but the term of court came to an end before the plaintiff filed his motion to vacate the order of dismissal. Appellants contend that the court had lost jurisdiction over the cause, which had been finally terminated in their favor, and had no power to enter the order amending the dismissal.
30 F.S.A. Florida Rules of Civil Procedure, Rule 1.35(b) provides that:

*339 "For failure of the plaintiff to comply with any order of court, a defendant may move for dismissal of any action or of any claim against him."
The same rule also provides that:
"Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, * * * shall operate as an adjudication upon the merits; * * *".
There can be no doubt under the rules that the order of March 21, 1956, was a final adjudication upon the merits of the suit. This adjudication could have been vacated after the time had run for fraud, deception, want of jurisdiction, or other approved grounds, but we do not find it indicated in the rules, past or present, that such adjudication may be set aside or modified for the reasons and under the circumstances here disclosed. The order appealed from demonstrates that the chancellor did not accept any of the grounds presented by the plaintiffs in their motion to vacate the order of dismissal. Perhaps the closest case on the subject which we have found is Ender v. Mercer, 150 Fla. 292, 7 So.2d 340, wherein we permitted an order of dismissal to be vacated after the time for appeal had run. In that case, however, it appears that the order of dismissal had been entered by the chancellor under a mistake of fact, and the chancellor was authorized to consider his order of dismissal a nullity because it was grounded upon a misconception as to the state of the record. That is not the case here, where the chancellor granted the order of dismissal upon the ground that no amended bill of complaint had been filed within the time permitted by the court, and this was the fact.
Although appellee claims that he was denied notice of the order of dismissal, in our view he was placed upon notice when the last order granting leave to amend was entered. He must then have understood that failure to submit an amended pleading within the time allowed by the court, or such extension thereof as he might, upon application, obtain, would result in dismissal of the cause, with prejudice.
We are constrained to hold, therefore, that the order of June 21, 1956, insofar as it seeks to amend the order of dismissal of March 21, 1956, is in error and must be reversed. Mabson v. Christ, 96 Fla. 756, 119 So. 131; State ex rel. Berry v. Trammell, 134 Fla. 154, 183 So. 819.
It is so ordered.
DREW, C.J., and TERRELL and THORNAL, JJ., concur.