123 So.2d 689 (1960)
Angell M. WHITE and Anna White, his wife, Petitioners,
v.
Donna M. SPEARS, d/b/a Highland Sundries, Respondent.
No. 60-384.
District Court of Appeal of Florida. Third District.
October 24, 1960.
Rehearing Denied November 3, 1960.
*690 Bernard Margolis and Alfred D. Bieley, Miami, for petitioners
B.E. Hendricks and R.E. Venney, Miami, for respondent.
PEARSON, Judge.
The petitioners seek the review of an order setting aside a default and a judgment entered pursuant to the default. A brief history of the pleadings follows: 1) complaint for damages for breach of contract was filed December 31, 1959; 2) respondent was served January 5, 1960; 3) default was entered January 27, 1960; 4) trial of cause upon issue of damages was held February 23, 1960; 5) final judgment was entered March 14, 1960; 6) defendant's motion to set aside entry of default and judgment was filed May 13, 1960; 7) order setting aside default and vacating final judgment was entered May 19, 1960. This last order is the order to which the petition for certiorari is directed.
The first question to be determined is whether certiorari will lie to review this order. It is well established that the writ will not ordinarily issue to review interlocutory orders at law which are reviewable upon appeal from the final decree. Kauffman v. King, Fla. 1956, 89 So.2d 24; Pullman Company v. Fleishel, Fla.App. 1958, 101 So.2d 188; cf. Ramagli Realty Co. v. Craver, Fla. 1960, 121 So.2d 648, 652. The exceptions are those where "the lower court acts without or in excess of jurisdiction, or where the interlocutory order does not conform to the essential requirements of law and may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal will be inadequate." Kauffman v. King, supra, [89 So.2d 24]; Ford Motor Company v. Havee, Fla.App. 1960, 123 So.2d 572. It appears that the order setting aside the default and vacating final judgment, in this case, comes within the exception of not conforming to the essential requirements of law and thus may reasonably cause material *691 injury throughout the subsequent proceedings for which the remedy by appeal will be inadequate.
It is next urged as a bar to the consideration of this petition that the petitioners have accepted the benefits of the order and therefore may not now object to it. Brooks v. Brooks, Fla. 1958, 100 So.2d 145; McMullen v. Fort Pierce Financing & Construction Co., 108 Fla. 492, 146 So. 567. Thus where an order sets aside a judgment by default, providing defendant pays all costs, an acceptance by plaintiff of such costs is an acquiescence in the order, and plaintiff waives his right to appeal from such order. San Bernardino County v. Riverside County, 135 Cal. 618, 67 P. 1047; Parr v. Webb, 40 Mont. 346, 106 P. 353; James v. Ouimet, 283 App.Div. 819, 128 N.Y.S.2d 695; State ex rel. Heffron v. Bleth, 21 N.D. 27, 127 N.W. 1043; Lounsbery v. Erickson, 16 S.D. 375, 92 N.W. 1071; Schleif v. Karass, 260 Wis. 391, 51 N.W.2d 1. The benefit suggested is the acceptance by the petitioners of a refund of costs incurred by reason of the sheriff's levy under the judgment which was vacated upon respondent's motion. These costs were tendered by the respondent in her motion to vacate the judgment. The trial judge accepted the offer of the respondent (then movant) and provided for payment to the petitioner. The respondent cannot now logically maintain the position that the costs received by the plaintiffs under the order amounted to a benefit. In addition, there is an exception to the rule that a party cannot accept the benefits of an order and then seek to have it reviewed. This occurs where the benefit received is one to which the recipient is entitled in any event  "when there is no controversy over his right to receive and retain it". (Emphasis added.) McMullen v. Fort Pierce Financing & Construction Co., supra [108 Fla. 492, 146 So. 569]; San Bernardino County v. Riverside County, supra; Paul v. Walburn, 135 Cal. App. 364, 26 P.2d 1002; cf. Puffer v. Welch, 144 Wis. 506, 129 N.W. 525. Thus, the taking of costs incurred by reason of the sheriff's levy is no bar to this review. It is noted that these costs would have been chargeable to the defendant under the writ of execution even if the court had declined to enter the order now under review.
We turn now to a consideration of the order setting aside entry of default and judgment to determine if it comports with the essential requirements of law. It is immediately apparent that the order has a double aspect, viz.: a) it vacated and set aside the final judgment; b) it vacated and set aside the default entered for failure of the defendant to plead to the complaint within 20 days of the date of personal service upon the defendant.
An examination of the motion and affidavits submitted by the respondent as a basis for the motion to vacate the final judgment reveals a contention by her that she did not receive notice of the trial of the cause upon the issue of damages. The damages sought by the complaint were unliquidated. After the entry of default upon a complaint claiming unliquidated damages the cause must be set either upon a trial calendar and the issue of damages tried in its regular order, or the defendant must be given reasonable notice of the trial of the issue upon a special setting. Moore v. Boyd, Fla. 1952, 62 So.2d 427; Pan American World Airways, Inc. v. Gregory, Fla.App. 1957, 96 So.2d 669. Although the contention by the defendant, as supported by her affidavits, that she did not receive notice was controverted by the plaintiff, we conclude that the trial judge could have found from the record before him that the required notice was not given. This conclusion having been reached upon the matter before him the judge had jurisdiction to vacate the judgment. Cf. Ender v. Mercer, 150 Fla. 292, 7 So.2d 340.
The situation is somewhat different upon that portion of the order, under review, by which the court set aside the default entered for failure of the defendant *692 to plead to the complaint. The motion and affidavits submitted to the trial judge contain no suggestion of irregularity in the service of process or in the proceedings prior to the entry of the default. It is alleged in the motion to set aside the default that "the failure to defend upon the merits is not the fault of the defendant, but, solely the fault of the undersigned attorney." No facts reasonably excusing the attorney's failure to plead to the complaint are shown. Under such circumstances a regularly entered default should not be set aside. State ex rel. Benach v. Heffernan, Fla. 1954, 71 So.2d 745; Lewis v. Jennings, Fla. 1953, 64 So.2d 275; King v. Bell, 54 Fla. 568, 45 So. 488. The order setting aside the default was without lawful basis and was therefore an abuse of judicial discretion by the court.
The writ of certiorari is granted and that portion of the order upon review which set aside the default is quashed. In all other respects the petition is denied.
It is so ordered.
HORTON, C.J., and CARROLL, CHAS., J., concur.