133 So.2d 339 (1961)
Carol Ann BARBER, by and through her father and next friend, Franklin Barber, and Franklin Barber, Appellants,
v.
NORTH SHORE HOSPITAL, INC., a Florida corporation, Appellee.
No. 60-585.
District Court of Appeal of Florida. Third District.
October 2, 1961.
Rehearing Denied October 20, 1961.
Dermer & Rosen and Alan H. Rothstein, Miami Beach, for appellants.
Carey, Goodman, Terry, Dwyer & Austin, Miami, for appellee.
Before CARROLL, BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
Appellants, plaintiffs below, appeal from a summary judgment dismissing a complaint against the appellee hospital, defendant below, which alleged certain acts of negligence in and about the conduct of the nursery operated by the hospital. Appellants, in addition to urging reversal of the summary judgment on the ground of a dispute in material facts, urge that the trial court erred in vacating a default properly entered in that: (1) the trial court was without the authority to vacate a default in accordance with a ruling of the Supreme Court of Florida in Ramagli Realty Co. v. Craver, 121 So.2d 648; and, (2) if it had the authority it abused its discretion, as no good cause or meritorious *340 defense was presented which warranted the vacation of the default.
The appellants' contention that the trial court was without jurisdiction to entertain a motion to vacate a default interlocutory order, prior to the entry of any final judgment entered thereon, is not well taken. The Ramagli opinion, supra, holds that there is no procedure, either statutory or under the Rules of Civil Procedure, to control the power of a trial court to vacate its interlocutory orders, but this opinion does not determine that the trial court has lost the jurisdiction over interlocutory orders through its inherent or common law authority. A trial court has always had the inherent power to control its interlocutory orders prior to the entry of the final judgment thereon. See: Alabama Hotel Co. v. J.L. Mott Iron Works, 86 Fla. 608, 98 So. 825; 19 Fla.Jur., Judgments and Decrees, § 463; 30A Am.Jur., Judgments, §§ 633, 649, 715. However, although the trial court had the jurisdiction to vacate the default, the motion to vacate the default and the affidavit submitted in support thereof failed to disclose sufficient good cause to vacate said default. It is undisputed that the summons was properly served upon the President of the appellee-defendant corporation, but due to negligent handling of the summons in the administrative offices of the hospital, same was not delivered to the corporation's counsel until some time subsequent to the return date and after the default had been entered. The inadvertence of the hospital's administrative staff does not constitute excusable neglect warranting the trial court to set aside the default, particularly when no meritorious defense was presented or pleaded. See: White v. Spears, Fla.App. 1960, 123 So.2d 689; State ex rel. Benach v. Heffernan, Fla. 1954, 71 So.2d 745; Coggin v. Morris, 150 Fla. 555, 8 So.2d 11.
White v. Spears, supra, was decided by this court subsequent to the Supreme Court's decision in Ramagli Realty v. Craver, supra, and clearly recognized the power of a trial court over its default judgments, and although State ex rel. Benach v. Heffernan, supra, and Coggin v. Morris, supra, were decided during the time that there was a statute permitting the opening of defaults, the repeal of the statute did not repeal the common law duty upon the trial judges to inquire as to whether or not the movant had both good cause for his neglect and a meritorious defense to the action.
In view of this court's finding in reference to the trial court's abuse of discretion in setting aside the default, it is unnecessary to pass on the propriety of the summary judgment, and this opinion is not to be construed as either approval or disapproval of the matters determined in said summary judgment.
Therefore, the final judgment is reversed and the cause remanded with directions to reinstate the default judgment and for further proceedings consistent therewith.
Reversed.