## AGARWAL v KEIDAISH

Case No. 88-4700 CCH (County Court Case No. 89-05804-07)

Seventeenth Judicial Circuit, Broward County

August 21, 1989

### APPEARANCES OF COUNSEL

**Julie Agarwal,** pro se.

**William Roach, Jr.,** for appellees.

### OPINION OF THE COURT

LUZZO, J., Circuit Judge.

THIS CAUSE comes before the Court on an appeal of the lower court's Order upon Plaintiff's Motion for Rehearing. The Defendants below filed a Motion to Dismiss Plaintiff's two count Complaint for eviction and damages under a breach of a residential lease. The Honorable Barry Seltzer, Judge, granted the Motion to Dismiss and gave Plaintiff ten days leave to amend count II of the complaint. Plaintiff failed to timely amend the complaint or to file a Motion for

Extension of Time and the Court dismissed the cause with prejudice. Plaintiff then filed a Motion for Rehearing, alleging that the Court erred in (1) not awarding court costs and attorneys fees in the tenant eviction complaint (Count I); (2) dismissing the count for damages (Count II) on the grounds that Plaintiff failed to retain an attorney; and other grounds. The Court denied Plaintiff's Motion, finding that (1) Plaintiff's Motion for Extension of Time in which to file an Amended Complaint was not timely filed; and that (2) Plaintiff's Amended Complaint for damages was in excess of the Court's jurisdictional amount. This appeal followed. The questions before this Court are as follows:

1. Whether the trial judge erred in entering an order allowing attorney for Plaintiff to withdraw from the case on August 9, 1988.

2. Whether the trial judge erred in entering an order on November 15, 1988 granting Defendant's Motion to Dismiss on both counts, and in denying court costs and attorneys' fees on Count I.

3. Whether the trial judge erred in entering an order on January 3, 1989, dismissing Plaintiff's Complaint with prejudice.

4. Whether the trial judge erred in entering an order on February 3, 1989, denying Plaintiff's Motion for Rehearing.

Rule 4-1.16 of the Rules Regulating the Florida Bar, entitled "Declining or Terminating Representation," governs the requirements for withdrawal from representation of a client. This rule provides that a lawyer "may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client." The rule, effective January 1, 1987, replaces the former Code of Professional Responsibility requirement of obtaining an order from the Court allowing withdrawal. Under this new rule, the attorney must take steps to protect the client's interest, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. Therefore, because the rule does not require an order from the court, withdrawal was effective as soon as Plaintiff's attorney notified Plaintiff that further representation was impossible, and before the Motion to Withdraw was filed and the resulting Order from the trial judge was entered. Any actions taken by the trial judge could not have been prejudicial to Plaintiff since withdrawal had already been accomplished.

Plaintiff further argues that the trial judge erred in granting Defendants' Motion to Dismiss and failing to award Plaintiff court costs and attorneys' fees for Count I, in later dismissing Plaintiff's complaint

with prejudice, and by denying Plaintiff's Motion for Rehearing. The duty of this Court is only to review the record below to "correct material errors that appear to do substantial injury or injustice to the complaining party, and not, except in correcting material errors, to regulate the exercise of reasonable discretion by the trial court, whose judicial acts are presumed to accord with law and the substantial justice of the cause." *Ruff v Georgia Southern & Florida Ry. Co.,* 64 So. 782, 785 (Fla. 1914).

Defendants' Motion to Dismiss alleged that Plaintiff failed to state a cause of action in that the lease entered into between Plaintiff and Defendants stated that rent was payable on the tenth day of each month, yet Plaintiff issued a Three Day Notice to Pay Rent or Deliver Possession on July 8, 1988, two days before the July rent payment was due. Defendants argued that since they were not delinquent in their rent payments, the complaint lacked the necessary elements to state a cause of action. After the Court entered a continuance to allow Plaintiff to obtain new counsel, Plaintiff allowed 6 weeks to elapse without hiring another attorney or notifying the court of her intention to pursue the action pro se. Defendants renewed their Motion to Dismiss, which was granted as to both counts by the trial judge. The Order, dated November 15, 1988, stated that Count I was dismissed as moot, since the tenants had vacated the premises, and that Plaintiff had ten days within which to amend Count II of the Complaint. Rule 1.190(e), Florida Rules of Civil Procedure grants the Court the authority to impose any terms as may be just for amendment of pleadings. Because the lease reflects that payment of rent was not due until the 10th of the month, and the demand was served on the 8th, on its face the complaint fails to state a cause of action. Furthermore, since Count I was dismissed as moot, Plaintiff was not a prevailing party, and therefore was not entitled to an award of court costs and attorneys' fees.

The 10 days in which to file the amended complaint ran on November 28, 1988, which was the first working day following the tenth day after the Order (November 25th). Plaintiff failed to file her amended complaint by November 28, 1988, and her Motion for Extension of Time was not timely filed. In *Capers v Lee,* 91 So.2d 337 (Fla. 1956), the Supreme Court of Florida ruled that an order dismissing a complaint with leave to amend places the plaintiff on notice that failure to submit an amended pleading within the time allowed, or such extension thereof that might be obtained, would result in dismissal of the suit with prejudice. Appellant therefore was on notice that failure to file her amended complaint or Motion for Extension for Time by the

61

deadline imposed by the Court could result in dismissal of the suit with prejudice.

In *Georgia Southern & Florida Ry. Co. v Ruff,* 67 So. 575 (Fla. 1915), the Supreme Court visited the issue of a trial court's denial of a motion for rehearing. "Where the trial court has refused to grant a new trial in a case, the appellate court will not reverse the judgment or grant a new trial for errors . . . in any other matter of procedure or practice, unless it shall appear to the court from a consideration of the entire cause that such errors injuriously affect substantial rights of the complaining party." Plaintiff's complaint was dismissed due to her failure to abide by the time requirements imposed by the trial court. Dismissal with prejudice was a penalty within the discretion of the trial judge. Accordingly, the judgment denying the motion for rehearing is AFFIRMED.

DONE AND ORDERED in Chambers in Fort Lauderdale, Broward County, Florida this 21st day of August, 1989.