SMITH, D. C., Associate Judge.
This case is before this court on an interlocutory appeal from an order granting motions to dismiss an amended complaint. The appellant, as plaintiff, filed her amended complaint seeking to vacate and set aside for fraud certain decrees entered by the Circuit Court in and for Hillsborough County, Florida, in a certain cause, on the 18th day of March, 1952, on the 15th day of June, 1953, and on the 4th day of November, 1953, and for an accounting. The present suit was instituted approximately four years after the entry of the decrees sought to be vacated and set aside. The motions to dismiss were granted on the ground that a record of the original proceedings is not made a part of the complaint, and that this is necessary for the plaintiff to set out a cause of action.
The amended complaint is thirty-two pages in length. It contains many allegations concerning extrinsic fraud. However, it is also alleged therein that the principal defendant or his attorney hired an attorney at law to appear on behalf of the plaintiff in the proceeding sought to be vacated and that the principal defendant, through said attorney, fraudulently prevented the plaintiff from presenting her claims against the property in the previous action. Also from appellees’ brief and argument before this court, it appears that the plaintiff testified in the proceeding sought to be set aside. The chancellor observed in his order granting the motions to dismiss that “Basically, the fraud complained of may be described as extrinsic, although intrinsic fraud is so intermingled that in fact the bill of complaint rests on both extrinsic and intrinsic fraud.” We agree.
Frequently, the line of demarcation between a bill in the nature of a bill of review and an original bill to impeach a decree alleged to have been obtained by fraud, is difficult to draw. In fact, it has been held that they are in effect the same thing.
“Whether we consider the bill here under consideration a bill in the *679 nature of a bill of review or an original bill is immaterial, because they are in effect the same thing and may be used for the same purpose. Gamble v. Gamble Holding Corporation, 120 Fla. 340, 344, 162 So. 886.” Fleming v. Fleming, 130 Fla. 264, 177 So. 607; 12 Fla.Jur. page 249, Equity, Sec. 78.
Copies of the pleadings and proceedings leading up to the final decree attacked are required to be embraced within or attached to a bill in the nature of a bill of review:
“The bill in this case, if intended as a bill of review or bill in the nature of bill of review, is defective because copies of the pleadings and proceedings leading up to the final decree attacked are not embraced within or made a part of the bill of complaint as exhibits thereto. Unless this is done, the court cannot be required to review its former decree. Furthermore, special permission must be obtained to file such a bill.” Hamilton v. Flowers, 134 Fla. 328, 183 So. 811-816.
or, at least, the bill must allege in substance the proceedings in the former litigation necessary to be considered for an adjudication of the bill. Adams v. Fielding, 148 Fla. 552, 4 So.2d 678, 680.
The bill under consideration in some respects is an original bill to impeach a decree alleged to have been obtained by fraud. However, in other respects, it is also an original bill in the nature of a bill of review. When a bill possesses the attributes of an original bill and an original bill in the nature of a bill of review, all requirements pertaining to each must be met.
At the time of oral argument before this court, it was stated that the proceeding which is sought to be vacated and set aside has been before the Supreme Court. It is, therefore, appropriate to note that in most, if not in all such instances, the bill may only be filed after permission from the Supreme Court has been obtained. 12 Fla. Jur., page 258, Equity, Sec. 83; and Kooman’s Florida Chancery Pleading and Practice, page 484, Chapter 21, Sec. 199.
The order dismissing the amended bill of complaint with leave to amend is affirmed.
KANNER, C. J., and ALLEN, J., concur.