136 So.2d 231 (1962)
Maria Grazio VOLPICELLA, Appellant,
v.
Frank VOLPICELLA, Appellee.
No. 2732.
District Court of Appeal of Florida. Second District.
January 3, 1962.
Frederick A. Resnick, Davie, for appellant.
No brief filed in behalf of appellee.
ALLEN, Judge.
Appellant, plaintiff in the lower court, has appealed from an order granting defendant's motion to dismiss without leave to amend. The order appealed from does not set out any grounds for which dismissal was granted. However, the motion to which said order was in response stated (1) that the complaint failed to state a cause of action; (2) that the complaint alleged conclusions of the pleader without *232 setting forth any facts to form a basis for said conclusions; and (3) that the complaint affirmatively shows that the plaintiff has been guilty of laches.
The complaint in this case was styled as a bill in the nature of a bill of review. In her bill, appellant sought to have a 1958 divorce decree awarded to her husband, the appellee, set aside based on various allegations of fraud in connection with the procurement of said prior decree.
The only assignments of error strenuously argued by appellant go to the lower court's denial of leave to amend and any predicate for the dismissal founded in the doctrine of laches.
We must reverse the lower court for dismissing the complaint without leave to amend. The cause was disposed of upon appellee's motion to dismiss and no responsive pleading had yet been filed. Under F.R.C.P. 1.15, 30 F.S.A., a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. This rule has not yet been construed as depriving a trial court of discretion to withhold leave to amend a pleading to which no response has been served. The rule does however indicate that a denial of leave to amend in such a case amounts to an abuse of discretion unless a complaint is clearly not amendable. Especially is this true in light of the liberality with which the question of amendments generally is now viewed in this state. See generally, Slavin v. McCann Plumbing Co., Fla. 1954, 73 So.2d 902; Fouts v. Margules, Fla.App. 1957, 98 So.2d 394; Richards v. West, Fla.App. 1959, 110 So.2d 698.
The next question to which this appeal is directed is could the lower court properly have grounded its order of dismissal on laches? Under F.R.C.P. 1.8(d), pleadings of laches, statute of limitations, res judicata, etc., are affirmative defenses which should be set forth in the answer. The Supreme Court in Hough v. Menses, Fla. 1957, 95 So.2d 410, held that such defenses are not properly raised on motion to dismiss but should be raised by answer. See also, Braz v. Professional Insurance Corporation, Fla.App. 1958, 101 So.2d 594; Stone v. Stone, Fla.App. 1957, 97 So.2d 352.
In Flye v. Jeffords, Fla.App. 1958, 106 So.2d 229, it was stated that the rule that laches must be incorporated in the answer rather than in a motion to dismiss is subject to exception if the complaint shows laches on its face. In the instant case the complaint was filed in December, 1960, and sought review of a prior decree entered in February, 1958. Other than this time interval, no additional facts showing laches appear on the face of the complaint. The time interval alone is not sufficient to justify the imposition of laches. Thus, any finding by the lower court that the instant complaint was barred by laches was error.
The lower court's order does not make clear what further reason may have prompted it to grant the motion to dismiss. As aforesaid, the complaint was styled as a bill in the nature of a bill of review. It makes reference by number to the prior chancery case, review of which is sought. The record-on-appeal does not include a record of the previous case as an exhibit. Nor does the record-on-appeal show that copies of the pleadings and proceedings leading up to the final decree attacked were made a part of the complaint as an exhibit. It has been held by this court that such copies must be embraced within or attached to a bill in the nature of a bill of review for fraud or, in the alternative, the bill must allege in substance the prior proceedings necessary to be considered for an adjudication of the bill. Alford v. Nunez, Fla.App. 1958, 104 So.2d 677.
*233 The bill in the instant case seeks to have set aside a prior divorce decree alleged to have been procured by fraud. It is well settled that such is a recognized cause of action and that courts of equity have the power to set aside decrees obtained by fraud. See Kooman, Florida Chancery Pleading and Practice § 196; 12 Fla.Jur., Equity § 78; and cases cited. However, the only facts alleged in the instant complaint pointing to fraud inherent in the proceedings attacked relate to a stipulation by respective counsel in the prior case to proceed to a final decree ex parte. Then it is alleged that said stipulation was entered into without the knowledge of plaintiff-appellant who was a party to the prior case; and that she was never made aware of the fact that she was divorced until some months after the final decree had been entered. An allegation pertaining to an unauthorized stipulation may be sufficient to set forth an acceptable minimum of substance concerning the prior proceedings necessary for adjudication. However, since review was sought of judicial action which carries a presumption of correctness, we feel that the instant complaint was at least susceptible to being made more definite and certain. Such may well have been a reason for the lower court's granting of the motion to dismiss based on ground (2) of that motion; that the complaint alleged conclusions of the pleader without setting forth any facts to form a basis for said conclusions.
The order appealed from is reversed and remanded with instructions to allow plaintiff leave to amend her complaint.
Reversed.
SHANNON, C.J., and WHITE, J., concur.