HORTON, Judge.
Appellant seeks reversal of an order of dismissal with prejudice. This case presents a procedural question only. Consequently, the facts of the case will not be related and we will confine ourselves to the procedural aspects.
The appellant filed her complaint on February 2, 1961, to which the appellee interposed a motion to dismiss and a supplemental motion to dismiss. The supplemental motion was grounded upon the fact that the appellant had failed to pay the costs taxed against her in previous litigation involving the same parties and subject matter. After notice and hearing on the appellee’s supplemental motion to dismiss, the trial court entered an order requiring *137 appellant to pay all costs taxed in the previously dismissed action within fifteen days; otherwise “this case shall be dismissed with prejudice.” The order further stayed all proceedings pending the payment of the costs. After the lapse of twenty-six days without the payment of the costs by appellant as required by the terms of the court’s order, the court, without notice to the appellant and upon affidavit of appellee’s counsel as to such nonpayment, entered the order appealed.
Although the appellant poses other questions, we consider the primary one to be whether or not the trial court erred in dismissing the cause with prejudice and without giving appellant notice and an opportunity to be heard.
As the procedural chronology indicates, the court’s first order on the supplemental motion to dismiss for failure to pay costs was entered after notice and hearing thereon. Obviously the order was grounded upon Rule 1.35(b) and (d), Florida Rules of Civil Procedure, 30 F.S.A. The appellant contends that the proper procedure was a motion for the entry of an order for payment of the costs of the previously dismissed action, together with a motion to stay proceedings until the appellant had complied with the order. The rule, 1.35(d) supra, provides in substance that if a plaintiff who has once dismissed an action commences an action upon the same claim and against the same defendant, “the court may make such order for the payment of costs of the action previously dismissed as it may deem proper, and may stay proceedings in the action until the plaintiff has complied with the order.” [Emphasis supplied.] The trial court appears to have followed the rule. In Capers v. Lee, Fla. 1956, 91 So.2d 337, 339, the Supreme Court of Florida, in commenting on a situation analogous to the case at bar, said:
“Although appellee claims that he was denied notice of the order of dismissal, in our view he was placed upon notice when the last order granting leave to amend was entered. He must then have understood that failure to submit an amended pleading within the time allowed by the court, or such extension thereof as he might, upon application, obtain, would result in dismissal of the cause, with prejudice.”
Parenthetically we point out that the appellant here had notice of the order requiring the payment of costs and the penalty which would result for the failure thereof, namely, a dismissal with prejudice. Consequently we cannot see where anything would have been gained by an additional notice to the appellant of a fact of which she was already cognizant, i. e., her failure to pay the costs.
No reversible error having been made to appear, the order appealed is affirmed.
Affirmed.
CARROLL, J., concurs in the judgment.