ALLEN, Judge.
Appellant, plaintiff below, appeals an order dismissing his complaint with prejudice for failure to' abide by an order of court.
On January 10, 1962, appellant filed a complaint against appellees seeking appointment of a receiver, an accounting, and damages for property had and received. At the same time, appellant filed a petition for immediate deposition of the appellees. This petition was granted, the deposition was taken, and, on- January 18th, appellant filed a petition for appointment of a temporary receiver and a notice of hearing on this latter petition.
Appellees had notice of the petition and scheduled hearing prior to its having been filed and they filed, on January 18th, a motion to stay the hearing on the petition. On the same date, appellees filed motions to strike and to dismiss the complaint.
On January 18th, with appellees’ motion to strike, motion to dismiss and motion to stay hearing and appellant’s petition for appointment of a receiver all filed, a hearing was held on the latter petition and the following order was entered.
“The foregoing cause coming on this day to be heard upon plaintiff’s petition for Receiver and objections thereto and the same having been argued by counsel for the respective parties and duly considered by the court, it is ordered that the hearing for the appointment of a receiver be and the same is hereby stayed until further Order of the Court.
“It is further ordered that plaintiff be allowed 20 days in which to amend his Complaint and that defendant be granted 20 days after service of Amended Complaint in which to file such pleadings as he may be advised. IT IS FURTHER ORDERED THAT all pending motions shall be heard on March 15, 1962, at 3:30 P.M. unless earlier time shall be made available by the Court.”
On March 8, 1962, appellees filed a motion to dismiss for the reason:
“1) That the Court on January 18, 1962, dismissed the Complaint in the above-styled cause directing the Plaintiff to file its Amended Complaint within twenty (20) days and that such Amended Complaint has not been filed.”
On March 9, 1962, forty-one days after the entry of the January 18th order, appellant filed his amended complaint.
On March 28, 1962, an order was entered providing:
“This cause coming on to be heard on Defendant’s motion to dismiss pursuant to rule 1.35(b) and the Court finding that on the day of January 18, 1962 there was argued before this Court Plaintiff’s PETITION for receiver and objections thereto and at that time after a discussion and without objection on behalf of the Counsel for the Defendant, counsel for the Plaintiff agreed to file an amended complaint within 20 days.
“The Court further finds that no amended complaint was filed within 20 days and in fact was not filed until *30 March 8, 1962 and that at no time did the Plaintiff request an extension of time pursuant to the provisions of Rule 1.6(b) Florida Rules of Civil Procedure nor has any reason been given by Plaintiff for this delay. * * * ”
and dismissing the cause with prejudice.
Appellant contends that the dismissal under Rule 1.35(b), Florida Rules of Civil Procedure, 30 F.S.A., was improper in that dismissal under that rule can follow only after failure to comply with a “valid” order of court and that the January 18th order, insofar as it limited the right to amend, was invalid and in contravention of appellant’s right under Rule 1.15(a) to amend his complaint once as a matter of course before the filing of a responsive pleading. He argues that the only proper basis of dismissal in this cause would be a failure, in the complaint or amended complaint, to state a cause of action.
Appellees contend that the January 18th order was an order of dismissal with direction to amend within a specified period and that having failed to amend, appellant was properly dismissed.
If the January 18th order was, in fact, an order of dismissal with leave to amend, the March 28th order would be affirmed. Capers v. Lee, Fla.1956, 91 So.2d 337. However, in view of the facts that the order of January 18th nowhere mentions dismissal of the cause, that it specifically recites that it. was entered pursuant to a petition for appointment of receiver and motion to stay hearing and that it specifically orders hearing on pending motions, i. e., motion to dismiss, at a future date, it cannot be construed as an order dismissing the cause for failure to state a cause of action. Rather, it is an order allowing amendment apparently unrelated to any adjudication concerning the necessity for amendment.
The question remains as to whether the order of January 18th is an order within the contemplation of Rule 1.35(b) :
“(b) Involuntary Dismissal. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.
* * * * * *
“With Prejudice. Unless the court in its order for dismissal otherwise specifies, a dismissal under the foregoing paragraph, other than a dismissal for lack of jurisdiction, for improper venue or for the lack of an indispensable party, operates as an adjudication upon the merits.”
Appellant argues that the order limiting the time for amendment contravened an absolute right afforded him by Rule 1.15(a). We cannot agree that the right to amend before a responsive pleading is filed is absolute and, in this regard, adhere to our opinion in Volpicella v. Volpicella, Fla.App.1962, 136 So.2d 231.
In the Volpicella case, supra, we held that the right granted by Rule 1.15 terminated with a judgment of dismissal and that subsequent amendment was committed to the trial court’s discretion. We note that the decisions of the federal courts construing the analogous Federal Rule of Civil Procedure, Rule 15(a), are in conflict. Two circuits are apparently committed to the existence of an absolute right. See Ohio Casualty Ins. Co. v. Farmers’ Bank of Clay, Kentucky, 6th Cir.1949, 178 F.2d 570; Fuhrer v. Fuhrer, 7th Cir.1961, 292 F.2d 140. But see McHenry v. Ford Motor Co., 6th Cir.1959, 269 F.2d 18. On the other hand, at least six of the circuits, including, by clear implication of recent decision, the 5th Circuit, qualify the right under the rule to the same extent as our decision in the Volpicella case, supra. See United States v. Newbury Mfg. Co., 1st Cir.1941, 123 F.2d 453; Market v. Swift & Co., Inc., 2nd Cir. 1949, 173 F.2d 517; Fedderson Motors Inc. v. Ward, 10th Cir.1950, 180 F.2d 519; Kelly v. Delaware River Joint Commission, 3rd *31 Cir.1951, 187 F.2d 93; Cassel v. Michaux, 1956, 99 U.S.App.D.C. 375, 240 F.2d 406; Britton v. Atlantic Coast Line R. R., 5th Cir.1962, 303 F.2d 274.
However, neither the Volpicella case nor the persuasive authority last cited are conclusive of the issue here presented. Conceding that the right of amendment as of course is not absolute, the question remains as to whether an order other than an order of dismissal terminates the right to amend. In terms of the instant facts, the question is whether an order, entered without objection from and apparently with the concurrence of appellant, by which the right to amend is restricted, can, in fact, restrict that right so as to both bar amendment after the date set and be the basis for dismissal under Rule 1.35(b).
On the precise facts of the instant case, we answer the question in the affirmative insofar as the validity and propriety of the January 18th order is concerned, but in the negative insofar as the dismissal with prejudice under Rule 1.35 is concerned. It is important to note, however, that both answers are confined to the facts of this cause and are not to be construed as holding that the rights under Rule 1.15(a) may always be curtailed by order of court or that dismissal under Rule 1.35 for failure to comply with an order of court should be without prejudice.
With respect to the propriety and consequent validity of the order limiting the time for amendment, it is significant that it did not bar amendment but merely altered the time in which amendment could be made, It is significant too that appellant agreed to abide by the limitation. Rule 1.15 provides that parties can consent to amendment after the time for amendment has expired and there seems to be no reason why the parties cannot, by consent, limit the time for amendment. The latter was done in the instant case and was embodied in the order of the court. Cf. Fern v. U. S., 9th Cir.1954, 213 F.2d 674, 15 Alaska 31; Vars v. International Brotherhood of Boilermakers, etc., D.C.Conn.1962, 204 F.Supp. 245; In re Watuga Steam Laundry, D.C.E.D.Tenn. 1947, 7 F.R.D. 657.
Accordingly, while no useful purpose was served by the order and while it would seem, if not in conflict with, certainly inconsistent with the purpose of the Rules, we are constrained to approve it as valid in the instant case.
Recognition of the validity of the January 18th order does not, however, necessarily entail the conclusion that failure to observe the order should result in dismissal with prejudice. A review of recent cases involving dismissal under Rule 1.35(b) for failure to abide an order of court indicates certain circumstances usually precedent to dismissal with prejudice. The usual pattern is one involving dismissal with an accompanying order permitting the dismissed party to vitiate the dismissal by some act. Capers v. Lee, Fla.1956, 91 So.2d 337, or an order directing some act to forestall dismissal, Hinchee v. Fisher, Fla.1957, 93 So.2d 351; Sneider v. Park View Island Corporation, Fla.App. 1962, 140 So.2d 136. Significantly, the dismissals for failure to abide an order always arose from orders clearly made conditions to continued maintenance of the action.
In the instant cause there is nothing in the order of January 18th indicating that amendment was necessary to maintenance of the action. Indeed, the court expressly deferred consideration of the motion to dismiss, which motion raised the question of the validity of the cause of action, until a later date. Neither the January 18th order nor the findings relative to the January order in the order dismissing the case indicate that failure to amend within 20 days would entail any consequence other than loss of right to amend. In effect, appellant merely accepted the election to amend or stand on his original complaint. He chose the latter.. Having chosen one of two alternatives, neither of which entailed the inherent consequence of dismissal, appellant did not fail to obey the order, rather, he elected, albeit passively, the alternative *32 implicit in the order. There having been no failure to obey an order of the court, dismissal under Rule 1.35(b) was improper.
Appellee argues that the January 18th order was, despite its wording and the omission of any mention of consequence upon failure to amend, imperative in nature. There is nothing in the record to support this view. Even if the order were viewed as somehow imperative, the authority under Rule 1.35(b) to dismiss with or without prejudice for failure to observe orders of court is similar to the authority under Rule 1.31(b) (2) to dismiss for failure to observe discovery orders, and dismissal with prejudice under the circumstances of this case might well have constituted abuse of discretion. See Thornton v. Board of County Commissioners of Dade County, Fla.App., 149 So.2d 393.
The entry of the order of March 28, 1962, dismissing the cause was erroneous and is reversed with permission, on remand, to file amended complaint. See Volpicella v. Volpicella, supra.
Reversed and remanded for further proceedings consistent with the foregoing. ■
SHANNON, C. J., and SMITH, J., concur.