## DELAWARE MOTORS CORP. v. FLORIDA NORTHSIDE BANK OF JACKSONVILLE.
No. 61-2927-E, Division D.

## LOWNI CORPORATION v. FLORIDA NORTHSIDE BANK OF JACKSONVILLE.
No. 63-418-E, Division B.

Circuit Court, Duval County.
March 27, 1963.

Daniel F. Hubsch, Jacksonville, for plaintiff Delaware Motors Corp.

Frank Scruby, Orange Park, for plaintiff Lowni Corporation.

Harris Dittmar, Jacksonville, for defendants in both cases.

WILLIAM H. MANESS, Circuit Judge.

*Order re-assigning case:* This cause is now before this court upon the motion of the defendant, filed in case no. 63-418-E (assigned to division "B"), for an order re-assigning said case, wherein the Lowni Corporation is plaintiff, to division "D" of this court, on the theory that said case falls within the purview of the last sentence of section 12 of rule two for the Internal Government of the Circuit Court of Duval County, as amended January 15, 1962.

By its affidavit attached to the motion, the defendant asserts that the Lowni Corporation and Delaware Motors Corp., plaintiff in case no. 61-2927-E (assigned to division "D" of this court), have each dealt with the defendant bank through the same persons at all times material and relevant to the alleged cause of action asserted in each case and further alleges that the cause of action asserted in each case, if any, grows out of an identical and inseparable transaction.

This court is of the opinion that the assignment of the Lowni case is not controlled by said section 12 notwithstanding the similarity of the cause of action because the Delaware Motors case is still "pending" and has never been "non-suited or dismissed and thereafter refiled". However, there is undoubtedly a sufficient similarity between the two cases to conclude that the cases not only "might be appropriately tried together" but also that the issues made by the pleadings in the two cases are in fact identical except as to the names by which each party plaintiff is identified. Therefore, whether or not the Lowni Corporation and Delaware Motors Corp. are one and the same, or are so closely related in management as to be identical, it affirmatively appears that the two cases are companion cases and under section 4 of said rule for the internal government of this court they should be tried and disposed of together — unless the Delaware Motors Corp. case is no longer "pending" and undisposed of.

With respect to whether or not the Delaware Motors Corp. case is still "pending", the last affirmative action taken therein shows that by order dated September 21, 1961 the court granted the defendant's motion to dismiss and gave plaintiff to and including *October 20, 1961* within which to file an amended complaint. It affirmatively appears such amended complaint was never filed. However, the said order of September 21, 1961 was not a final and appealable order, and did not operate ipso facto to terminate and finally dispose of the cause of action asserted therein. Some additional act on the part of plaintiff or defendant is still necessary to dispose of said cause of action. See Capers v. Lee, 91

So.2d 337, and Nenow v. Ceilings & Specialties, Inc., 151 So.2d 28, decided by the Second District Court of Appeal on March 1, 1963.

Therefore, it appearing to the court that the above entitled case pending in this court and assigned to division "B" thereof is a companion case to case no. 61-2927-E also pending in this court and assigned to division "D" thereof, should be reassigned in accordance with defendant's motion, it is ordered that the above entitled case no. 63-418-E be, and the same is re-assigned to division "D" of this court, and the clerk is directed to make an appropriate notation on the file cover of said re-assigned case and on the progress docket.