184 So.2d 678 (1966)
Brooks RICE, Appellant,
v.
Baxter L. CLEMENT, M.D., Appellee.
No. 114.
District Court of Appeal of Florida. Fourth District.
March 31, 1966.
*679 Robert S. Lyons, Fort Lauderdale, for appellant.
A. Lee Bradford and A.H. Toothman, of Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellee.
STURGIS, WALLACE E., Associate Judge.
Plaintiff below appeals from a judgment for defendant entered pursuant to verdict of the jury in this malpractice action.
The original complaint demanded punitive damages on the ground that the defendant physician was guilty of willful, reckless and wanton conduct in treating an injury to plaintiff's left foot, but did not state with particularity any acts of omission or commission on the part of the defendant relied on by plaintiff as constituting such conduct. On motion to dismiss the court struck from said complaint all claims for punitive damages, with leave to plaintiff to amend, thereby limiting plaintiff's claim under that complaint to one based on simple negligence. Plaintiff filed an amended complaint on which issue was joined, but did not assert therein any basis for or claim punitive damages.
Defendant generally denied the material allegations of the complaint but for some unexplained reason did not formally plead contributory negligence as a defense. It appears, however, that on July 6, 1964, approximately three months prior to trial, counsel for defendant informed the court by letter, copy of which was sent to and received by counsel for plaintiff, that it was defendant's intention to rely upon contributory negligence as a defense, and on August 7, 1964, a pretrial order was entered providing, inter alia:
"Defendant denies any negligence and has interposed a plea of contributory negligence based on defendant's contention that plaintiff failed to follow defendant's instructions and failed to properly avail himself of readily available medical treatment when it should have been apparent to plaintiff that the wound was not healing as the doctor had expected."
There was no effort prior to trial to have said order amended or corrected in any respect. After commencement of the trial plaintiff attempted to exclude contributory negligence as an issue on the ground that defendant had not pleaded same as a defense and that the pretrial order recognizing such defense was in error because the subject had not been discussed at the pre-trial conference. To support the latter premise plaintiff proffered a transcript of the proceedings at the conference. The trial judge observed that his notes of the conference indicated that contributory negligence was an issue to be tried, denied said proffer and permitted said issue to be tried.
After the jury had retired to consider its verdict, it returned to the jury box and requested and received additional charges on the issues tried, including contributory negligence.
It would serve no useful purpose to detail the material facts presented to the jury. Suffice it to say that from a careful review of the extensive record in this cause we have concluded that on the issues made the evidence is ample to support the jury *680 verdict. Our discussion will be confined, therefore, to points of law involved on this appeal other than appellant's challenge to the sufficiency of the evidence.
Appellant further contends that the trial court erred: (1) in granting defendant's motion to strike all portions of the original complaint pertaining to gross, willful, or wanton negligence and all claims for damages of a punitive nature; (2) in permitting the issue of contributory negligence to be tried; (3) in sustaining an objection to plaintiff's attempt, on cross-examination of the defendant, "to develop the reason or lay a predicate to show the jury that the Defendant refused to admit that any medical literature, textbook, [or] encyclopedia was authoritative and relied on by the Defendant" in his treatment of the plaintiff; (4) in giving certain charges to the jury; and (5) in admitting testimony as to plaintiff's alleged drinking habits.
We find no merit to appellant's contention that it was error to strike those portions of the original complaint sounding in punitive damages. The use of the descriptive words "willful, wanton or reckless" is not sufficient to state a case entitling recovery of exemplary or punitive damages. Appellant admits an inability to find support for such rule in this jurisdiction. In order to recover exemplary damages, the complaint must allege some general facts and circumstances of fraud, malice, gross negligence, or oppression. Winn & Lovett Grocery Co. v. Archer, 1936, 126 Fla. 308, 171 So. 214. Adjectives employed to label an act are of themselves insufficient to support a claim of gross negligence and are in fact unnecessary.
Consequent upon leave to amend extended by the order granting defendant's motion to strike the claim for punitive damages set out in the original complaint, plaintiff filed an amended complaint which did not assert a basis for or claim punitive damages. An original pleading is superseded by an amendment of it which does not express an intention to save any portion of it. Shannon v. McBride, Fla.App. 1958, 105 So.2d 16.
Florida Rules of Civil Procedure require that contributory negligence be affirmatively pleaded. The defendant's failure to file the plea is not condoned. However, it is clear from the mentioned letter of defendant's attorney that plaintiff was fully apprised of the fact that the defendant intended to rely on contributory negligence as a defense, and the pretrial order, which governed the subsequent course of the case, recognized and confirmed same as the law of the case. Vaughn v. Smith, Fla. 1957, 96 So.2d 143; Florida Rules of Civil Procedure, Rule 1.16(6), 30 F.S.A. See also Garrett v. Oak Hall Club, Fla. 1960, 118 So.2d 633. It is unlikely that the defendant would have rested on his oars had the plaintiff made a timely assault on the pre-trial order in that particular or that in such event defendant would have been denied an opportunity to further plead. The trial court was not in error under the circumstances of this case in permitting the issue of contributory negligence to be submitted to the jury.
On cross-examining the defendant, plaintiff sought to elicit from him a statement as to some particular medical writing, treatise or piece of medical literature as authoritative and on which he relied to support his treatment of the plaintiff. Appellant states it was his purpose to lay a foundation on which to impeach the defendant's testimony because of his statement that he did not rely "100 per cent" on any particular such writing, treatise or medical literature. Appellant's reasoning is obscure. Medical works cannot be read or introduced before juries as independent, substantive, or affirmative proof. Specified books may be introduced in rebuttal to contradict a witness who has testified to having derived therefrom teachings that they do not contain or which are substantially different from those testified to. Eggart v. State, 1898, 40 Fla. 527, 25 So. 144. In explaining its ruling sustaining an objection *681 to this line of cross-examination, the trial court cogently observed that in weighing the testimony of the defendant in an action such as this, it is improper to test his testimony upon numerous excerpts from such textbooks as the plaintiff may produce; that to allow such would force the jury into a position of making its interpretation of the excerpts as against the conduct attributed to the defendant doctor and that such is not a lawful procedure in deciding a question of negligence. We agree, and would further observe that such procedure would be so burdensome as to endlessly prolong the trial.
We have carefully considered the other issues of this appeal and find no merit therein.
Affirmed.
ANDREWS, Acting C.J., and WALDEN, J., concur.