PER CURIAM.
This is an appeal from a final judgment entered consequent on a jury verdict. The action commenced with a complaint for damages filed by Jennie Buga and her husband in the Circuit Court for Broward *297 County, Florida. To the extent here pertinent, the complaint charged that the defendant Harvey Wiener, a medical doctor, was guilty of negligence in treating plaintiff Jennie Buga in that he negligently performed a manipulation of her knee. As an alternate theory of liability, the complaint charged that the defendant entered into a contract with Mrs. Buga to perform a manipulation to eliminate stiffness in her knee, but breached the contract because the manipulation, rather than eliminating the stiffness, resulted in a “locked leg”.
The cause was tried to a jury on 20 September 1971, and the jury returned a verdict for the defendant. A final judgment was entered, and Mr. and Mrs. Buga have appealed therefrom.
Under their first point, the appellants, plaintiffs below, assert that the trial court committed error in sustaining an objection to five interrogatories they propounded for the purpose of discovering medical texts and other sources of medical information relied upon by the defendant in the administration of Mrs. Buga’s treatment.
The objection to interrogatory number 1 could properly have been sustained on the ground that the interrogatory was overly broad and, therefore, oppressive. The objection to interrogatories 4 and S could have been sustained on the ground that they were cumulative of interrogatories 2 and 3. But in our view interrogatories 2 and 3 which called for a listing of textbooks recognized by the defendant as authoritative with regard to the treatment were reasonably calculated to lead to admissible evidence. Rule 1.280(b), RCP, 30 F.S.A. See Rice v. Clement, Fla.App.1966, 184 So.2d 678 and 32 C.J.S. Evidence § 574, page 694, et sequi. We conclude that there was error in sustaining the objection to interrogatories 2 and 3.
Appellants’ second point complains of an instruction which they contend is inconsistent with other instructions theretofore given dealing with their theory that they were entitled to recover on the ground that the doctor had breached an express warranty.
In the instructions which begin at record page 159, the trial court advised the jury that one of plaintiffs’ claims was based on the breach of an express warranty. The trial court then defined a warranty for the jury and in effect advised the jury that they could award damages, if the plaintiffs had proved a breach of warranty. Having given the jury this advice, the judge then gave the instruction to which the objection is now made. This instruction would exonerate the defendant doctor if the jury found that he had used acceptable medical practices and achieved a bad result, even though he had warranted a different result. Thus the instruction is in fact inconsistent with plaintiffs’ theory of warranty.
Point three raises a similar objection, but it is directed to another charge beginning at record page 163, line 3. This instruction also exonerates the physician if he used due care, without any reference to an exception for the warranty of a given result.
Logically the appellants’ objections in points two and three are well taken and the instructions are inconsistent with the warranty theory of recovery.
Because of these inconsistencies in the instructions, we are compelled to reverse the final judgment. For whatever assistance it be on retrial we also take note of appellants’ fourth point under which they argue that the instructions were repetitious, presented in an illogical sequence, and should not have contained case citations. All of these arguments are valid, although none standing alone suggests a reversible error.
The final judgment is reversed and the cause is remanded for a new trial.
REED, C. J., and CROSS and OWEN, JJ., concur.