788 So.2d 1055 (2001)
Richard FORUM, Appellant,
v.
BOCA BURGER, INC., a Florida corporation, Appellee.
No. 4D00-1255.
District Court of Appeal of Florida, Fourth District.
May 16, 2001.
Rehearing Denied August 1, 2001.
*1057 Charles Fox Miller and James Fox Miller of Miller, Schwartz & Miller, P.A., Hollywood, for appellant.
John R. Hargrove and Gordon James III of Heinrich Gordon Hargrove Weihe & James, P.A., Fort Lauderdale, for appellee.
FARMER, J.
We reverse the trial court's decision dismissing the complaint with prejudice. The lower court erred in refusing to recognize and accept the amended complaint filed by plaintiff without leave of court before the hearing on the pending motion to dismiss the original complaint for failure to state a cause of action. A party may amend a pleading once as a matter of course at any time before a responsive pleading is served. With the case having proceeded only as far as the filing of an original complaint and a motion to dismiss, the court had no discretion to refuse to accept the new pleading.
We have also decided to grant plaintiff's motion for attorney's fees under section 57.105 and write to explain our thinking. We begin by noting that the original complaint alleged mislabeling of a food product which, the complaint said, falsely declared that it was "all natural" when in fact the vegetable product contained chemically treated wood pulp, called methylcellulose. The pleading sought a declaratory judgment and injunctive relief under the Florida Deceptive and Unfair Trade Practices Act,[1] as well as damages. Defendant responded solely with a motion to dismiss for failure to state a cause of action; no answer was filed. On March 1st defendant scheduled a hearing on the motion for the afternoon of March 28th.
On the morning of March 28th, plaintiff filed an amended complaint without leave of court. As we have just held, it was perfectly proper for plaintiff to file the new pleading because the rules of procedure permit one amendment of a complaint without prior leave of court when there has been no "responsive pleading" by the opposing party. See Fla.R.Civ.P. 1.190(a) ("A party may amend a pleading once as a matter of course at any time before a responsive pleading is served."). A motion to dismiss is not a "responsive pleading" because it is not even a pleading. See Fla.R.Civ.P. 1.100(a) (designating permissible pleadings and providing that "[n]o other pleadings shall be allowed").
The amended complaint was filed over the names of three sets of lawyers who had not appeared on the original complaint, but one had the same address as counsel who filed the original complaint. At the hearing the trial judge first mentioned both the filing of the amended complaint and the fact that the lawyer appearing *1058 at the hearing on behalf of plaintiff was not the lawyer who had signed the original complaint. Counsel responded that he had filed a notice of appearance that morning along with the amended complaint. The trial judge replied that he had a "fundamental problem" with both aspects: the complaint had been amended without leave of court, and the lawyer at the hearing was not the lawyer who had signed the original complaint on plaintiff's behalf.
The trial judge asked defense counsel if they[2] had any comments on both matters raised by the court. Defense counsel first addressed the appearance of different attorneys who were now representing plaintiff. He stated that the lawyer who had filed the original pleading had his own firm, and that one of the lawyers signing the amended pleading had a different firm but at the same address as the first. He admitted that he had communications before the hearing with one of the new lawyers listed on the amended pleading but added that "he's never defined exactlyto my knowledgehis role...." The tone and tenor of his remarks was to hint that there was some impropriety in these new lawyers appearing on plaintiff's behalf, notably failing to say what it might be. Defense counsel failed to acknowledge that the rules expressly permit the appearance of additional attorneys for a party without leave of court.[3] The judge again suggested disapproval of the appearance but decided to "skip that one for a minute."
Turning to the issue of amending the complaint without leave of court, the trial judge next noted that the hearing had been set for nearly four weeks and that the amended complaint had been filed only on the day of the hearing. Plaintiff's counsel pointed out that the rules permit an amendment without leave of court before a responsive pleading is filed and that the pending motion to dismiss was not a responsive pleading. Again the court turned to defense counsel.
Defense counsel argued case authority from a federal trial court in Michigan that, as he put it, "suggests that attempting to amend a complaint while a motion to dismiss is pending is procedurally improper and causes prejudice to the party seeking to dismiss the complaint." He also cited a bankruptcy case which he claimed was to the same effect. He then added that our decision in Life General Security Insurance Co. v. Horal, 667 So.2d 967 (Fla. 4th DCA 1996), "suggests that leave to amend or attempting to amend a complaint at the eleventh hour would cause prejudice to the opposing party, and it is within the discretion of the trial court to deny." While conceding that "the rule is what it is," he went on to contend "it is within the court's discretion to deny leave to amend."
Actually neither argument could be made in good faith. The Florida procedural rules are not controlled by interpretations of federal rules by federal trial courts in Michigan. Rule 1.190(a) indisputably permits an amendment of a complaint when the only response is a motion to dismiss. The only time requirement is that it be filed before a responsive pleading is filed. Our decision in Life General does not even remotely suggest anything *1059 to the contrary except that at this stage, if discretion were truly involved, it would be an abuse of it not to permit the amendment.
The trial judge thereupon announced that he would proceed with the hearing for argument on the pending motion to dismiss but only as to the initial complaint. The judge added that he would not "recognize" the amended complaint "as filed." The outcome was that the court granted the motion to dismiss the original complaint with prejudice, thereby refusing to permit any amendments to the pleading, and finding that the complaint raised claims that are "pre-empted" by federal and Florida law. We have of course reversed the trial court's determination, thereby reinstating the amended complaint, to which defendant will now have to respond.
Obviously the trial judge was misled by the argument of defense counsel on both issues. It is incontestable that there is no impropriety in the appearance of additional counselas indisputably these new lawyers for plaintiff werefiling the amended complaint and arguing on plaintiff's behalf at the hearing. It is just as incontrovertible that plaintiff had every right under the ruleso early in the caseto amend his complaint without leave of court, and therefore the legal sufficiency of the original complaint was clearly moot. See Rice v. Clement, 184 So.2d 678 (Fla. 4th DCA 1966) ("An original pleading is superseded by an amendment of it which does not express an intention to save any portion of it.").
There were some early cases outside this district finding a residual discretion in the trial judge to deny leave to amend when sought by a party before the filing of a responsive pleading, but even they go on to hold that it is an abuse of discretion to deny the amendment unless as a matter of law plaintiff clearly could never state a cause of action. See Volpicella v. Volpicella, 136 So.2d 231 (Fla. 2nd DCA 1962) ("Under [rule 1.190], a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. This rule has not yet been construed as depriving a trial court of discretion to withhold leave to amend a pleading to which no response has been served. The rule does however indicate that a denial of leave to amend in such a case amounts to an abuse of discretion unless a complaint is clearly not amendable."); see also Nenow v. Ceilings & Specialties Inc., 151 So.2d 28 (Fla. 2nd DCA 1963) (same). Frankly we doubt the correctness of the second district's assertion of residual discretion. Rule 1.190(a) states a rule, not a discretion, as regards to amending before a responsive pleading is filed. The only reason discretion was even involved in Volpicella is that the plaintiff invoked it by asking for permission to file an amended complaint in spite of the rule allowing an amendment without prior permission. Plaintiff here did not ask for leave; he exercised his right to file the amended pleading before a responsive pleading was filed.
The issue is whether section 57.105 would permit an award of fees for defense counsel's conduct. As originally drafted, the section stated that: "[t]he court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party." In 1986 this text was amended to read:
"The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a *1060 justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party's attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client. If the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the defense, the court shall also award prejudgment interest."
The 1986 amendment did not change the substantive requirement for an award of fees against a party, but it did add a separate liability for attorneys who in bad faith fail to exercise their screening function and prevent the assertion of entirely frivolous cases through counsel. In Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982), the court approved the following standard to govern the award of attorney's fees under this provision:
"As a prerequisite to an award of attorney's fees under section 57.105, the court must find `a complete absence of a justiciable issue of either law or fact raised by the losing party.'... [This phrase means] a total or absolute lack of a justiciable issue, which is tantamount to a finding that the action is frivolous.... `[A] trial court must find that the action is so clearly devoid of merit both on the facts and the law as to be completely untenable.'"
410 So.2d at 505. This is the standard applied by the appellate courts in Florida until now. Under this standard, an award of fees would be improper.
In 1999, however, the Legislature substantially rewrote section 57.105 and thereby significantly broadened the court's power to award fees under its aegis. The new provision reads as follows:
"(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
However, the losing party's attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts. If the court awards attorney's fees to a claimant pursuant to this subsection, the court shall also award prejudgment interest.
"(2) Paragraph (1)(b) does not apply if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success.
"(3) At any time in any civil proceeding or action in which the moving party proves by a preponderance of the evidence that any action taken by the opposing party, including, but not limited to, the filing of any pleading or part thereof, the assertion of or response to any discovery demand, the assertion of any claim or defense, or the response to any request by any other party, was taken primarily for the purpose of unreasonable delay, the court shall award damages to the moving party for its *1061 reasonable expenses incurred in obtaining the order, which may include attorney's fees, and other loss resulting from the improper delay."
See Ch. 99-225, § 4, Laws of Fla. It is apparent from this text that the rule has been changed considerably. No longer does the statute apply only to an entire action; it now applies to any claim or defense. No longer are awards of fees limited to "a complete absence of a justiciable issue of either law or fact raised by the losing party." The operative standard is now that the party and counsel "knew or should have known" that any claim or defense asserted was (a) not supported by the facts or (b) not supported by an application of "then-existing" law. Hence most of the old interpretations of the statute as it was drafted before 1999 are no longer authoritative. Courts must now interpret and apply the text passed in 1999.
Applying the text of the new statute to the conduct of Boca Burger and its attorneys in this case, we think an award of fees is authorized. There is no possible view of the law that would support defense counsel's attempt to "suggest" that the appearance of new counsel at the hearing was somehow improper, and their equally unsustainable attempt to "suggest" that the court had any power to disregard the filing of the amended complaintthat the original complaint could now be dismissed even though it had been supplanted by an entirely new and different pleading raising several new theories and alleging additional facts. There is no possible view of the law that would sustain the attempt of defense counsel to lead the trial judge to believe that the legal sufficiency of the original complaint was still at issue, or that the motion to dismiss the original complaint had any application to the amended complaint filed earlier that day. Moreover the conduct of defense counsel cannot possibly turn on any representations of their client or for a good faith modification of existing law.
We have not overlooked defendant's argument that plaintiffs claims are preempted by federal law and that any amendment would therefore be futile. The essential problem with that argument is that it was being raised at the wrong time, under the auspices of the wrong motion. Plaintiff had a right under rule 1.190(a) to amend the complaint, so the court was not properly called upon to determine whether leave to amend should be denied on the grounds of futility. In any event, it is not at all clear that plaintiffs claims will be barred by federal pre-emption. See Medtronic Inc. v. Lohr, 518 U.S. 470, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996) (recognizing presumption against pre-emption; presumption is properly applied to state law design defect claims against manufacturer of pacemaker; FDA pre-market approval of device did not require pre-emption). Cf. Buckman Co. v. Plaintiffs' Legal Comm., 531 U.S. 341, 121 S.Ct. 1012, 148 L.Ed.2d 854 (2001) (presumption against preemption of state law did not apply to plaintiffs state law claim for "fraud-on-the-FDA" because relationship between federal agency and entity it regulates is inherently federal in character; federal statutory scheme amply empowers the FDA to punish and deter fraud against the FDA; state-law fraud-on-the-FDA claims would inevitably conflict with FDA's responsibility to police fraud consistently with agency's judgment and objectives).
Whatever may ultimately happen with pre-emption, however, it is clear that the original complaint could no longer be pre-empted by anything. Because the pending motion to dismiss was directed only to the original complaint, the legal sufficiency of the new and amended complaint was clearly not yet placed in issue *1062 and there could properly be no argument on that issue at the hearing. It further appears that the pre-emption defense is an avoidance, not a real defense, and presumptively should be pleaded as an affirmative defense and resolved instead on motion for summary judgment.[4]
The heart of all legal ethics is in the lawyer's duty of candor to a tribunal.[5] It is an exacting duty with an imposing burden. Unlike many provisions of the disciplinary rules, which rely on the court or an opposing lawyer for their invocation, the duty of candor depends on self-regulation; every lawyer must spontaneously disclose contrary authority to a tribunal. It is counter-intuitive, cutting against the lawyer's principal role as an advocate. It also operates most inconvenientlythat is, when victory seems within grasp. But it is precisely because of these things that the duty is so necessary.
Although we have an adversary system of justice, it is one founded on the rule of law. Simply because our system is adversarial does not make it unconcerned with outcomes. Might does not make right, at least in the courtroom. We do not accept the notion that outcomes should depend on who is the most powerful, most eloquent, best dressed, most devious and most persistent with the last wordor, for that matter, who is able to misdirect a judge. American civil justice is so designed that established rules of law will be applied and enforced to insure that justice be rightly done. Such a system is surely defective, however, if it is acceptable for lawyers to "suggest" a trial judge into applying a "rule" or a "discretion" that they knowor should knowis contrary to existing law. Even if it hurts the strategy and tactics of a party's counsel, even if it prepares the way for an adverse ruling, even though the adversary has himself failed to cite the correct law, the lawyer is required to disclose law favoring his adversary when the court is obviously under an erroneous impression as to the law's requirements.
We are sorry to say that defense counsel here failed in this duty. Defense counsel plainly attempted to lead the trial judge to a result that plaintiff was needlessly forced to appeal. Defense counsel should have immediately advised the trial judge of the legal rule the instant it became apparent that the judge was acting under a misimpression of impropriety in the presence of additional counsel, or that it would be proper to argue the motion to dismiss the original complaint, a motion that was rendered effectively moot by the filing of the amended pleading.
Much is written about "professionalism" today. It is on the agenda at every lawyer and judicial symposium or continuing education conference, and our professional journals are filled with pleas for greater attention to punctilious conduct in all things. But today's case requires that we pass from exhortation to the resolution of a concrete issue. For the disciplinary rule of candor is the instrument of professionalism's demand. If in the circumstances of this case the rule of candor cannot be unflinchingly enforced under this 21st century version of section 57.105, then this freshly cast legislation is a vessel as empty as its predecessor was.
*1063 We therefore confront the statute's new command and award fees from defendant and defense counsel for their conduct in this case both in the trial court and in this court where they have persisted in trying to uphold this patently erroneous decision.
REVERSED.
TAYLOR, J., and KAHN, LISA J., Associate Judge, concur.
NOTES
[1] See Fla. Stat. §§ 501.201-.213 (2000).
[2] Two lawyers, Gordon James and Clifford Wolff, from the same firm represented defendant at the hearing.
[3] See Fla. R. Jud. Admin. 2.060(k) ("Addition of Attorneys. After a proceeding has been filed in a court, additional attorneys may appear without securing permission of the court. All additional attorneys so appearing shall file a notice of appearance with the court and shall serve a copy of the notice of appearance on all parties in the proceeding."). In this case there was no attempt to substitute new attorneys; they merely appeared as additional attorneys for plaintiff.
[4] See Fla.R.Civ.P. 1.110(d) ("In pleading to a preceding pleading a party shall set forth affirmatively... any ... matter constituting an avoidance or affirmative defense.").
[5] See R.Reg.Fla.Bar 4-3.3(3) ("A lawyer shall not knowingly ... fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel....").