798 So.2d 806 (2001)
Jack VANDERBERG, Appellant,
v.
A. RIOS, Keith Mosely, Robert Sheppard, Brenda M. Williams, and James Black, Appellees.
No. 4D00-4643.
District Court of Appeal of Florida, Fourth District.
October 24, 2001.
Jack VanDerberg, Indiantown, pro se.
Keith K. Stewart of the Law Office of Bohdan Neswiacheny, Fort Lauderdale, for appellees.
STEVENSON, J.
In June of 2000, Jack VanDerberg, an inmate at the South Bay Correctional Facility, filed suit against a number of prison officials, alleging abuse of authority and violation of his constitutional rights. The defendants responded by filing a motion to dismiss and setting the matter for hearing. Thereafter, VanDerberg filed an amended complaint. Despite the amended complaint, the trial court proceeded with the *807 hearing and entered the order which is the subject of this appeala dismissal of the original complaint for failure to state a cause of action. We reverse the dismissal of this action because the legal sufficiency of the original complaint was rendered moot by the filing of the amended complaint.
Florida Rule of Civil Procedure 1.190(a) provides in relevant part:
A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, may so amend it at any time within 20 days after it is served. Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party.
Here, when VanDerberg filed the amended complaint, the defendants had filed only a motion to dismiss. A motion to dismiss is not a responsive pleading as contemplated by rule 1.190. See Forum v. Boca Burger, Inc., 788 So.2d 1055, 1057 (Fla. 4th DCA 2001)("A motion to dismiss is not a `responsive pleading' because it is not even a pleading.")(citing Fla. R. Civ. P. 1.100(a)). Since a responsive pleading had not yet been filed, VanDerberg was free to file an amended complaint without obtaining either leave of court or the consent of the defendants. And, the filing of the amended complaint rendered the legal sufficiency of the original complaint moot. See Forum, 788 So.2d at 1059; Rice v. Clement, 184 So.2d 678 (Fla. 4th DCA 1966).
Accordingly, we reverse the order of dismissal. On remand, VanDerberg's suit shall be reinstated and, thereafter, the defendants may either file an answer or a motion to dismiss directed to the amended complaint.
REVERSED and REMANDED.
STONE, J., and CLARK, NIKKI ANN, Associate Judge, concur.