ON MOTION TO REVIEW STAY
PER CURIAM.
This court issued an opinion on February 23, 1979, reversing the summary judgment entered in the trial court against appellant and remanding the case for further proceedings not inconsistent with the opinion 369 So.2d 351. On April 24, 1979, this court issued its mandate to the trial court commanding that further proceedings be had in the cause in accordance with the opinion of *173 this court and with the rules of procedure and laws of the State of Florida. Notwithstanding that mandate, the trial judge entered an order on May 18, 1979, staying further proceedings in the cause pending a final determination by the Supreme Court of Florida on appellee’s notice invoking the certiorari jurisdiction of the supreme court to review this court’s decision. Appellant has filed with this court a motion for review of that stay order.
The stay order entered by the trial judge is, in effect, an attempt to stay the effectiveness of this court’s mandate pending review by the supreme court. Clearly the trial judge is without authority under Fla. R.App.P. 9.310 to issue such an order, since this court, not the trial court, is now the “lower tribunal” for purposes of the rule. Accordingly, we entered an order pointing out that the trial judge was without authority to enter the stay sought to be reviewed and that this court has continuing jurisdiction under Rule 9.310 to enter a stay of the effectiveness of its mandate pending review by the supreme court. We directed appel-lee to present to this court, in writing, the question whether this court should stay the effectiveness of its mandate issued pursuant to its opinion of February 23, 1979.
Appellee has declined to comply with our order. Instead, appellee has filed herein a reply to appellant’s motion to review the stay order of the trial judge. In that reply appellee contends that the stay order was not entered pursuant to Rule 9.310, but pursuant to Section 59.13, Florida Statutes (1977). Appellee argues that, since Rule 9.310 does not apply to a stay granted pursuant to the provision of a general law, the stay order in question is not reviewable by this court upon motion as provided in Rule 9.310. Appellee further argues that, in any event, the stay order was properly entered in the exercise of the discretion of the trial judge under Section 59.13 and should not be disturbed.
Appellant has filed herein a responsive memorandum to appellee’s reply, in which appellant correctly points out that under Rule 9.310, only this court has authority to stay the effectiveness of its mandate. Appellant says that, therefore, Section 59.13 is in conflict with Rule 9.310 and must fall as unconstitutional.
It is not necessary for this court to consider the constitutionality of Section 59.13. That statute clearly does not authorize the stay order which has been entered by the trial judge in this cause. Section 59.13 reads as follows:
When it appears to the trial court that a petition for certiorari has been or is about to be applied for in an appellate court, the trial court may grant a supersedeas upon petitioner giving a good and sufficient bond, conditioned that the petition shall be duly presented to the appellate court within the time prescribed by the Florida appellate rules and to pay all costs, damages, and expenses occasioned by reason of the stay of proceedings with such other and further conditions as may be fixed by the trial court in the event the order or judgment for which a review is sought is not quashed, modified, or reversed.
The statute obviously contemplates that there be a judgment or order entered in the trial court which is the subject of a petition for certiorari and provides that the trial court may grant a supersedeas with respect to that judgment or order pending a final determination on the petition for certiorari. That is not the situation which now exists in the trial court in this cause. The summary judgment entered in the trial court has been reversed by this court; it is not the subject of the certiorari review initiated by appellee in the supreme court. The trial court has no direct concern with that review and the trial judge may not suspend further proceedings in this cause pending the outcome of that review. Such action is in direct conflict with the appellate jurisdiction of this court invoked and exercised in this case.
This court has power to take action necessary to the complete exercise of its jurisdiction. Art. V, § 4(b)(3), Fla.Const. Pursuant thereto, we hereby vacate the stay order of May 18, 1979, entered by the trial *174 judge in this cause and direct that further proceedings be had in accordance with the mandate we have issued.
OTT, Acting C. J., and RYDER and DANAHY, JJ., concur.