McCORD, Judge.
Appellant/claimant appeals from the deputy commissioner's refusal to assess penalties against appellee, employer/carrier, for appellee’s failure to timely pay benefits due on appellant’s claim after those benefits were affirmed on appeal by this Court. 376 So.2d 481. We reverse.
The deputy commissioner’s original order was entered in this case on February 16, 1979, as a result of appellant’s claim for workers’ compensation benefits. The deputy commissioner ordered employer/carrier to pay the following benefits: certain temporary total disability benefits, 5% permanent partial disability benefits, payment of interest, payment of an attorney’s fee, and payment of a doctor’s bill and his expert witness fee. Appellees appealed that order, raising three points: the issue of temporary total disability benefits, whether or not there was a new accident, and employer/carrier’s responsibility regarding payment of the doctor’s medical bills. This Court reversed the temporary total disability award but affirmed on the other two points and remanded the cause to the deputy commissioner for further proceedings consistent with that opinion, dated November 9, 1979. That opinion became final on November 26, 1979.
On December 12, 1979, appellant’s attorney wrote a letter to the deputy commissioner indicating that his client was due a 20% penalty because of employer/carrier’s failure to pay the benefits which this Court had affirmed. Although a hearing was never held regarding that issue, on January 23, 1980, the deputy commissioner, in compliance with this Court’s opinion, entered an order providing that employer/carrier should pay all compensation awarded by its February 16,1979, order, with the exception of the award of temporary total disability benefits. The deputy commissioner’s order *768 stated further that appellant’s claim for penalties was denied since the district court’s remand for further proceedings consistent with its opinion stayed the time for compliance with the February 16, 1979, order until the further proceedings were conducted by the deputy commissioner.
Appellant asserts that the award of the medical bill, permanent benefits and interest in the deputy commissioner’s February 1979 order was not disturbed by this Court and, therefore, when this Court’s order became final, payment was due on those benefits without further delay. We agree. In Stauffer Chemical Company v. Jacobs, 9 FCR 64 (1975), the Industrial Relations Commission declared that when one issue in a workers’ compensation case is still pending in the appeal process, the other benefits which a claimant is justified in receiving should not be delayed until that issue is determined on appeal. The Commission stated that such a delay is not within the intent of the act. Similarly, in a case such as the one sub judice, when certain benefits are affirmed on appeal by this Court, even if other benefits are reversed and remanded, payment of the affirmed benefits becomes due upon finality of this Court’s order. If those benefits are not paid within 20 days after they become due, the claimant shall be entitled to a 20% penalty. Section 440.20(8), Florida Statutes. Because employer/carrier did not pay the affirmed benefits within 20 days of finality of this court’s opinion in this case, appellant is entitled to the 20% penalty.
Reversed and remanded for entry of an order assessing the penalty against employer/carrier.
SHIVERS and JOANOS, JJ., concur.