407 So.2d 1016 (1981)
Patricia Dale ROBBINS, Petitioner,
v.
The Honorable Frederick PFEIFFER, Circuit Judge of the Circuit Court in and for Orange County, Florida, Orlando Executive Park, Inc., and Howard Johnson Company, Respondents.
No. 81-1420.
District Court of Appeal of Florida, Fifth District.
December 23, 1981.
Rehearing Denied January 20, 1982.
Charles R. Morgan of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for petitioner.
Ronald M. Owen of Parker, Johnson, Owen & McGuire, Orlando, for respondent, Orlando Executive Park, Inc.
Janet R. DeLaura of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Rockledge, for respondent, Howard Johnson Co.
ORFINGER, Judge.
The issue before us is whether a trial court has jurisdiction to order a stay of execution on a money judgment under Florida Rule of Civil Procedure 1.550(b), after the judgment has been affirmed by this court and the mandate issued, pending discretionary review by the Supreme Court of this court's opinion and decision.
A final money judgment was entered in the trial court on June 25, 1979 awarding plaintiff (petitioner here) compensatory damages, but denying her claim for punitive damages. On appeal the judgment was affirmed in its entirety. See 402 So.2d 442 *1017 (Fla.5th DCA 1981). This court's mandate issued on September 14, 1981, after an application to stay the mandate and for a stay pending review was denied. The Supreme Court denied a similar application for stay on September 29, 1981.
Thereafter, defendants moved the trial court for a stay of execution under Rule 1.550(b), pending determination by the Supreme Court of their application for discretionary review, and at a hearing held November 5, 1981, to which petitioner objected on the ground of lack of jurisdiction, the trial court announced that it would enter such stay, and directed the preparation of a formal order. Prior to the entry of such order, petitioner filed the instant petition for writ of prohibition, contending that the trial court had no jurisdiction to stay execution in the posture of the proceedings here. Because the petition demonstrated a preliminary basis for relief, this court issued an order to show cause on November 5, 1981. This order has the effect in prohibition proceedings of staying all further proceedings in the lower tribunal. Fla.R.App.P. 9.100(f). Notwithstanding our order, on November 10, 1981, the trial court entered a written order staying execution pending review by the Supreme Court.[1]
In response to our order to show cause, respondents now say that prohibition will not lie to prohibit an action already taken, because there are other appropriate remedies, citing English v. McCrary, 348 So.2d 293 (Fla. 1977). Under different circumstances this position would be correct, but in view of the facts of this case, this argument overlooks the fact that the order of November 10, 1981 is a nullity as having been entered without jurisdiction. Rule 9.100(f). It would indeed be anomalous to hold that prohibition could be frustrated by merely ignoring an order of the appellate court which requires that all proceedings be stayed, because such would permit the trial court to defeat the appellate jurisdiction of this court. If the trial court order of November 10, 1981, has made prohibition an improper or inappropriate remedy, we need only treat the petition as one also for certiorari. Fla.R.App.P. 9.040(c).
The judgment of an appellate court, when it issues a mandate, is a final judgment in the cause and compliance therewith by the lower court is a purely ministerial act. O.P. Corporation v. The Village of North Palm Beach, 302 So.2d 130 (Fla. 1974). In the absence of a stay ordered by the appellate court, the issuance of a mandate affirming a judgment entitles the holder of that judgment to a writ of execution as a matter of right. Murphy v. Murphy, 378 So.2d 27 (Fla.3d DCA 1980). Thus a stay of execution on a judgment which this court has affirmed and as to which our mandate has been issued would, in effect, be an avoidance of our mandate as to which the trial court has no jurisdiction, notwithstanding the attempt by respondent to secure discretionary review by the Supreme Court. See King v. L. & L. Investors, Inc., 136 So.2d 671 (Fla.3d DCA 1962). The fact that petitioner has also asked the Supreme Court to review the denial of her claim for punitive damages adds nothing to the trial court's jurisdiction here. The subject of the petition for discretionary review is no longer the trial court's judgment, but the decision of this court. Thus, a further stay could only be granted by this court or by the Supreme Court, and both courts have denied such stay. The trial court did not have jurisdiction to overrule such determinations. Cf. Aetna Insurance Company v. Buchanan, 372 So.2d 172 (Fla.2d DCA 1979).
The trial court had no jurisdiction to stay execution on the judgment, and its order of November 10, 1981, is hereby quashed. However, believing that the trial court will not act further in this direction, we withhold *1018 the issuance of a formal writ of prohibition at this time.
It is so ordered.
FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.
NOTES
[1] The operative portion of the order says:

"... execution on the judgment entered herein shall be stayed pending review proceedings in the Supreme Court of this action. The Clerk of the Circuit Court in and for the Ninth Judicial Circuit of Orange County, Florida, is hereby directed to refrain from issuing any writs of execution on the subject Judgment until this Order is rescinded or overturned, and execution on any writs previously issued is hereby stayed."