449 So.2d 297 (1984)
Diane THIBODEAU, Appellant,
v.
SARASOTA MEMORIAL HOSPITAL and All Risk Corporation of Florida, Appellees.
No. AT-41.
District Court of Appeal of Florida, First District.
February 13, 1984.
Rehearing Denied March 30, 1984.
*298 Alex Lancaster, Sarasota, for appellant.
John J. O'Riorden, of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, Sarasota, for appellees.
SHIVERS, Judge.
Claimant appeals the deputy commissioner's order denying claimant's application for a 20% penalty for late payment of benefits due. We reverse.
The issue presented by this appeal is when does an appellate court's order become final for purposes of section 440.20(8), Florida Statutes (1979). We find and hold that an appellate court's order becomes final upon issuance of a mandate, as discussed hereafter.
Claimant was injured in a compensable accident on March 17, 1980. The deputy entered a compensation order on April 22, 1982. This order was appealed and affirmed by this court in a per curiam decision rendered November 15, 1982. A Motion for Rehearing was filed, which motion was denied by this court by order dated December 14, 1982. No Petition for Certiorari was thereafter filed with the Florida Supreme Court. Mandate was issued with respect to the per curiam decision rendered November 15, 1982, by this court on December 30, 1982. Benefits pursuant to the deputy's order were finally computed and paid for by check mailed by the employer/carrier on January 21, 1983. A hearing was held and by order dated May 6, 1983, the deputy found the employer/carrier's payment to be timely, reasoning that the decision of this court became final 30 days after the date the motion for rehearing was denied, i.e., December 14, 1982, irrespective of the date of the issuance of the mandate. We disagree with the deputy's order on two counts.
First, this court has recently held in Jones v. Cling Electric, Inc., 397 So.2d 767, 768 (Fla. 1st DCA 1981) that payment of compensation benefits affirmed on appeal become due upon finality of this court's order and, that if those benefits are not paid within 20 days after they become due (20 days being the applicable time period in Cling within which compensation was to be paid), the claimant is entitled to a 20% penalty pursuant to Section 440.20(8), Florida Statutes. It is well settled that the judgment of an appellate court, where it issues a mandate, is a final judgment. See, e.g., O.P. Corporation v. The Village of North Palm Beach, 302 So.2d 130, 131 (Fla. 1974); Robbins v. Pfeiffer, 407 So.2d 1016, 1017 (Fla. 5th DCA 1981). Further, the fact that claimant may attempt to secure discretionary review by the Florida Supreme Court should not avoid the finality of an appellate court's judgment, in the absence of a stay ordered by the appellate court. See Robbins v. Pfeiffer, supra, at 1017. Accordingly, we find and hold that the judgment in the instant case became final on December 30, 1982, the date mandate was issued. This leads us to the second disagreement we have with the deputy's order.
The date of accident in this case was March 17, 1980. The deputy apparently applied section 440.20(8), Florida Statutes (1980), and the respective parties' attorneys did not inform the deputy or this court to the contrary, as the applicable law *299 in this case, which section provides, in pertinent part, that a penalty shall be added to any compensation if such compensation is not paid within 30 days after it becomes due. However, we find that Chapter 80-236, Laws of Florida, which amended section 440.20(8) to extend the time within which compensation is to be paid from 20 to 30 days after it becomes due, was not to take effect until July 1, 1980. Accordingly, section 440.20(8), Florida Statutes (1979), not section 440.20(8), Florida Statutes (1980), would be applicable to this case, which former section provides for a penalty if compensation is not paid within 20 days after it becomes due. Since the compensation in this case became due December 30, 1982, the date mandate was issued, and since payment by the employer/carrier was made on January 21, 1983, more than 20 days after December 30, 1982, the employer/carrier's payment was untimely and a 20% penalty should have been assessed pursuant to section 440.20(8), Florida Statutes (1979). The deputy's decision, therefore, is reversed and remanded with instructions to the deputy to conduct proceedings consistent with this opinion.
REVERSED and REMANDED.
JOANOS and THOMPSON, JJ., concur.

ON MOTION FOR REHEARING
SHIVERS, Judge.
Appellees argue that the change in section 440.20(8), Florida Statutes, which extends the time within which compensation may be paid without penalty from twenty to thirty days, is merely procedural and that, therefore, the extended time period can be applied to all cases pending on the effective date, July 1, 1980. Appellees overlook section 29, Chapter 80-236, Laws of Florida, which states:
Sections 1 through 21 of this act shall apply to all claims for injury arising out of accidents occurring on or after July 1, 1980.
Because the statutory change from twenty to thirty days was accomplished in section 8 of Chapter 80-236, the above-quoted language of section 29, Chapter 80-236, applies and prevents retroactive application of the thirty day time period to the instant case. See Peck v. Palm Beach County Board of County Commissioners, 442 So.2d 1050 (Fla. 1st DCA 1983). Accordingly, the motion for rehearing is DENIED.
JOANOS and THOMPSON, JJ., concur.