469 So.2d 144 (1985)
CITIBANK, N.A., National Bank of Detroit, People's Trust Company, Broad Street National Bank of Trenton and Equibank, Petitioners,
v.
Wallace R. PLAPINGER, Respondent.
No. 84-2504.
District Court of Appeal of Florida, Third District.
March 8, 1985.
Shutts & Bowen and Eric B. Meyers and Debra L. Greenberg, Miami, for petitioners.
Alfred Aronovitz, Miami, for respondent.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.

ON MOTION TO ENFORCE MANDATE
PER CURIAM.
On January 8, 1985, we granted certiorari in the above case and quashed the trial court's order which denied the petitioners' motion to compel the production of the respondent's federal income tax returns and financial records of various general partnerships in which the respondent is a general partner. 461 So.2d 1027. On January 25, 1985, our mandate issued to the trial court. The petitioners are now before us seeking enforcement of our mandate, alleging that the trial court has unduly delayed its enforcement by giving the respondent ninety days to produce the documents, in effect giving to the respondent an unauthorized stay of our mandate pending respondent's efforts to invoke the discretionary jurisdiction of the Supreme Court of Florida.
We grant the petitioners' motion and order that the respondent produce the documents in question within fifteen days from this date. We are convinced by the *145 record before us that the trial court attempted to stay our mandate pending further review by the Supreme Court in the guise of giving the respondent ninety days to comply. Only we, as the "lower tribunal," or the Supreme Court can grant such a stay. Robbins v. Pfeiffer, 407 So.2d 1016 (Fla. 5th DCA 1981); Aetna Insurance Co. v. Buchanan, 372 So.2d 172 (Fla. 2d DCA), cert. denied, 378 So.2d 342 (Fla. 1979). See Murphy v. Murphy, 378 So.2d 27 (Fla. 3d DCA 1979). Moreover, we will not countenance unreasonable delay in carrying out our mandate. See Blackhawk Heating & Plumbing Co. v. Data Lease Financial Corp., 328 So.2d 825 (Fla. 1975) (six months delay in carrying out mandate violates mandate); Home Savings & Loan Association v. Epperson, 427 So.2d 246 (Fla. 4th DCA 1983) (trial court's withholding of execution on judgment, however well intentioned, constitutes unauthorized effort to alter mandate); Silverman v. Lichtman, 296 So.2d 495 (Fla. 3d DCA 1974) (trial court's order allowing 180 days for restitution violates mandate ordering restitution).
Accordingly, the trial court's order on remand is reversed insofar as it allows the respondent ninety days to produce the listed documents. The order is modified to allow the respondent fifteen days from this date to produce the documents. No rehearing of this opinion shall be allowed.