PER CURIAM.
This is the second appeal by the former wife, albeit not of the same issue. Habie v. Habie, 613 So.2d 41 (Fla. 4th DCA 1993), was a Per Curiam Affirmed, but the records of our court reflect the post-dissolution order then being appealed said: “ORDERED AND ADJUDGED that the Former Wife’s motion to vacate the Voluntary Dismissals With Prejudice that she filed as it applies to the corporate Defendants is denied.”
In contrast, the trial court’s order currently being appealed dealt with the former husband, who controls corporations which apparently have brought actions against the former wife. It recited, in part: “The Former Wife’s Motion to Compel Exchange of Releases is DENIED with prejudice.”
While the trial judge who signed the first order made certain findings regarding releases, those findings were not binding upon this court in the initial appeal as the trial court adjudicated nothing as to those releases. This court concerned itself solely and exclusively in the first appeal to what the trial court had adjudicated; namely, the former wife’s dismissal of actions brought by her.
In the present appeal, we are solely concerned with the former husband, whose corporations have brought actions against the former wife; and we conclude that the trial court erred in denying the former wife’s motion.
Accordingly, we reverse and remand with direction to order the former husband to deliver instanter releases by said corporations in favor of the wife. Upon his failure to comply, the trial court should consider authorized alternatives available to it including, but not limited to, consideration of (1) holding the former husband fully responsible for the defense of the former wife in any actions pending or brought by said corporations against the former wife, any judgments obtained against her, and any attorneys’ fees and costs incurred by her in the defense of those actions; and (2) contempt powers as to the former husband and said corporations.
The trial court was off the mark in finding the former husband’s obligations to effect these releases to be ambiguous.
Paragraph 19 of the parties’ marital settlement agreement recited the following as the last sentence: “The parties agree to exchange releases subject to any exceptions contained herein as well as having releases executed by and for Liztex USA, Aldan Leasing, Inc., Liztex International, Inc., Liz-tex SA, Kalieo Trading, PTS Trading and Leitz.”
Paragraph 25C of the agreement provided:
C. This Marital Settlement Agreement shall be offered into evidence by the Wife *900 in the State of Florida dissolution of marriage action. If acceptable to the Florida court, it shall be incorporated by reference in its final judgment of dissolution rendered and the Florida Court will be requested to retain exclusive subject matter and personal jurisdiction over the parties for all appropriate purposes including enforcement. Notwithstanding incorporation in the Florida final judgment, this Marital Settlement Agreement shall not be merged in it, but shall survive the final judgment and be binding on the parties for all time.
Paragraph 39 of the agreement began:
39. DISMISSAL OF PENDING LITIGATION. It is agreed by the parties that this Marital Settlement Agreement is intended to end all litigation and/or claims, civil or criminal, matured or not, pending or threatened, between the parties and/or any entities in which the parties have any direct or indirect interest.
It is the intent of this opinion to urge the trial court to finalize the settlement of the parties as to their obligations regarding all businesses in which the former husband had or has a present interest.
DELL, C.J., and GLICKSTEIN and PARIENTE, JJ., concur.