673 So.2d 498 (1996)
P.T.S. TRADING CORP., Appellant,
v.
Amy HABIE, individually, Jeffrey Wasserman, Esquire, individually, Sanford L. Muchnick and Jeffrey P. Wasserman, d/b/a Litman, Muchnick, Wasserman & Hartman, P.A., a Professional Association, Miller, Schwartz & Miller, P.A., a Professional Association, James Fox Miller, Esquire, individually, A. Matthew Miller, Esquire, individually, David Boies, Esquire, individually and as partner in Cravath, Swaine & Moore, a partnership, Appellees.
Nos. 94-3031, 95-0913.
District Court of Appeal of Florida, Fourth District.
April 17, 1996.
Rehearing Denied June 7, 1996.
*499 Scott Margules of Scott Margules, P.A., North Miami Beach, for appellant.
James Fox Miller of Miller, Schwartz & Miller, Hollywood, for appellees.
KLEIN, Judge.
Appellant P.T.S. Trading Corp. (PTS) brought this abuse of process action against Amy Habie and her lawyers, alleging that they improperly obtained a court order freezing appellant's funds. The trial court granted the defendants' motions for summary judgment and we affirm, concluding that this lawsuit is utterly without any basis in law or fact and was filed in bad faith.
According to the allegations of PTS, Amy and Joseph Habie were residing as husband and wife in Guatemala; however, Mrs. Habie left Guatemala on November 24, 1991, moved into a home which they owned in Boca Raton, Florida, and hired attorney Jeffrey Wasserman to commence dissolution proceedings in Florida. Wasserman filed a dissolution action and, on November 27, 1991, obtained an ex-parte injunction which, among other things, froze the assets of appellant PTS, a company allegedly controlled by Mr. Habie.
After the entry of the freeze order James Fox Miller was brought on board to assist Wasserman in representing Mrs. Habie. Miller, recognizing that the jurisdictional problem was complicated, retained David Boies of Cravath, Swaine & Moore to take Mr. Habie's deposition. Mr. Habie's deposition was taken on February 25, 1992, by Boies. Two days later the dissolution action was settled and the order freezing the funds of PTS was vacated.
The marital settlement agreement, which was signed on February 27, 1992, provided that Mr. Habie accepted the jurisdiction of the Florida court, that the parties' children would reside with Mrs. Habie in Florida, and that various corporate defendants controlled by Habie, including PTS, would give Mrs. Habie releases.
Mr. Habie has not abided by the agreement. In 1992 he kidnapped the children from their home in Florida and took them to Guatemala. As a result of that action there are state and federal warrants outstanding for his arrest, he has been held in contempt, and he owes millions of dollars in unpaid contempt fines. In addition, he has had corporations which he controlled, including PTS, wrongfully maintain other lawsuits against Mrs. Habie, refusing to dismiss them as required by the settlement agreement. See *500 Habie v. Habie, 647 So.2d 899 (Fla. 4th DCA 1994), rev. denied, 659 So.2d 1086 (Fla.1995).
In December 1993 PTS filed this abuse of process case against Mrs. Habie and all of the lawyers who had in any way been associated with her representation, alleging that they improperly obtained the freeze order against PTS for the unlawful purpose of forcing Mr. Habie to settle the dissolution proceedings.
Section 61.11, Florida Statutes (1991), grants broad authority to the courts for injunctive relief or "such orders as will secure alimony" when a "party is about to remove himself or his property out of the state." See also Gooding v. Gooding, 602 So.2d 615 (Fla. 4th DCA 1992).
It is undisputed that Mr. Habie, who resides in Guatemala, had complete control of PTS and its funds. It was thus "his property" within the meaning of the statute. He even admitted in his deposition that a day or so after the entry of the freeze order he unsuccessfully attempted to evade it by back-dating a fax to the bank, which was holding PTS's funds, in an attempt to move the money out of the country. We cannot, in light of the undisputed facts in this record, agree with PTS that there are inferences that there was anything improper, considering our statutory and case law, in regard to the obtaining of the freeze order.
Abuse of process is the use of process in an illegal, improper or perverted manner, with an ulterior purpose. Della Donna v. Nova Univ., Inc., 512 So.2d 1051 (Fla. 4th DCA 1987). Neither Wasserman nor his client was guilty of abuse of process, much less the counsel who were retained by Mrs. Habie after the order was entered, who were also sued. The fact that PTS, which took no action to vacate the freeze order during the three months it was in effect, sued counsel who were retained after the freeze order was entered, makes it all the more clear that it is this lawsuit, not the obtaining of the freeze order, which was improperly brought for an ulterior purpose.
There is only one conclusion which can be drawn from this case, and that is that Mr. Habie intends to use his financial resources in order to punish not only his former wife, but her lawyers as well, and to discourage counsel from taking on the representation which his former wife will surely need in the future. We affirm the summary judgments and, pursuant to the motions filed by appellees, award attorney's fees under section 57.105(1), Florida Statutes (1993), against appellant and his attorneys because there was a complete absence of (1) a justiciable issue of either law or fact raised by this complaint, and (2) good faith, based on the client's representation.
We leave to The Florida Bar whether the maintaining of this action in the trial court, and the bringing of this appeal, violate Rule 4-3.1 of the Rules Regulating The Florida Bar which states:
A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law.
We hope that no other member of the Bar will be used by this client to muscle appellee or her lawyers.
Affirmed.
GLICKSTEIN, J., and ANGELOS, CYNTHIA, G., Associate Judge, concur.