715 So.2d 999 (1998)
Harvey WOOD-COHAN, Appellant,
v.
The PRUDENTIAL INSURANCE COMPANY OF AMERICA, d/b/a Prudential Financial Services, and Charles A. Smith, Appellees.
No. 98-0169.
District Court of Appeal of Florida, Fourth District.
July 8, 1998.
Rehearing Denied September 2, 1998.
*1000 Jon D. Derrevere and Adam D. Falcon of Derrevere & Associates, West Palm Beach, for appellant.
E. Cole FitzGerald, III of FitzGerald, Hawkins, Mayans & Cook, P.A., West Palm Beach and Amy L. Bess and Michael A. Schlanger of Sonnenschein, Nath & Rosenthal, Washington, D.C., for Appellee-The Prudential Insurance Company of America.
Kenneth W. Lipman of Siegel, Lipman, Dunay & Shepard, LLP, Boca Raton, for Appellee-Charles A. Smith.

ORDER DISMISSING APPEAL AND ASSESSING ATTORNEY'S FEES AGAINST COUNSEL FOR LITIGATING IN BAD FAITH
KLEIN, Judge.
Appellant plaintiff filed this lawsuit against appellee defendants, and appellee Prudential filed a counterclaim against appellant. The trial court granted the defendants' motions for directed verdict as to plaintiff's claims; however, the counterclaim remains pending. The plaintiff filed a notice of appeal from the directed verdict; however, there had been no final judgment entered, and this court relinquished jurisdiction in order for plaintiff to seek entry of a final judgment. At the hearing on plaintiff's motion to enter a final judgment based on the directed verdict, the trial court announced that, because of the pending counterclaim, it would not enter a final judgment until "the whole thing is done."
One week after the hearing, the trial court erroneously signed two proposed final judgments which plaintiff had submitted. Plaintiff then filed those final judgments with this court, in an attempt to persuade this court to allow the appeal to proceed. When defendant received a copy of the judgment, it sent a letter to the trial court with a proposed order to correct the error with copies to the other side. This resulted in a further hearing which the court began by acknowledging that it had mistakenly signed the wrong orders. The court then, on April 23, 1998, rescinded the judgments on the ground that they had been entered because of a clerical error.
What counsel for appellant, Jon D. Derrevere, should have done at that point was to inform this court that the orders which he sent this court which purported to be final judgments had been vacated. Instead he filed a motion for clarification in the trial court on April 28, 1998, stating that the final judgments and the order vacating them "directly conflict with each other" and clarification was needed. At the hearing on that motion for clarification, which occurred on May 6, 1998, the trial judge again stated that the final judgments had been entered due to an error and ordered plaintiff's counsel to send the transcript of that hearing to this court. Counsel did so on May 8, 1998, without informing this court as to why he was filing the transcript or that the final judgment had been entered by mistake and had *1001 been vacated. After requesting Derrevere to inform this court that there was no judgment, which Derrevere refused to do, defendants filed a motion to dismiss this appeal.
Notwithstanding the fact that they knew full well that the trial court never intended to enter judgments, counsel for plaintiff, Jon D. Derrevere and his associate, Adam D. Falcon have filed a fifteen page response to appellees' motion to dismiss arguing that the trial judge lacked jurisdiction to rescind the judgments he signed by mistake, that the trial judge made no mistake, that appellees' counsel was guilty of ex parte communication because he wrote the judge a letter with copies to all counsel, and other arguments which are equally without merit.
As part of their motions to dismiss, appellees also move this court to impose sanctions on counsel, Jon D. Derrevere and his associate, Adam D. Falcon, for the "filing of any proceeding, motion, brief, or other paper that is frivolous or in bad faith." Fla.R.App.P. 9.410. We grant that motion as well as the motion to dismiss, and direct the trial court to assess attorneys' fees and costs incurred by the defendants as a result of the judgments entered by mistake on April 17, 1998. The actions which counsel took after the court announced that it had signed the wrong orders violate both rule 4-3.1, Rules Regulating the Florida Bar ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous."), and rule 4-3.2 ("A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.").
Appeal dismissed.
STONE, C.J., and WARNER, J., concur.