884 So.2d 1025 (2004)
Robert S. YOUNG, Appellant,
v.
Alice G. HECTOR, Appellee.
No. 3D03-1561.
District Court of Appeal of Florida, Third District.
October 13, 2004.
*1026 Karen J. Haas, Miami, for appellant.
Bette Ellen Quiat, and Stephens Lynn & Klein, and Marlene S. Reiss, Miami, for appellee.
Jay M. Levy, for Bette Ellen Quiat.
Before LEVY, GERSTEN, and GREEN, JJ.
PER CURIAM.
The former husband, Robert S. Young ("former husband"), seeks review of the trial court's order on appellate costs and attorney's fees. We reverse.
In June of 2003, this Court partially granted certiorari in favor of the former husband, finding the trial court had exceeded its jurisdiction in freezing certain trust account proceeds.[1] A few months later, this Court granted the former husband's motion for attorney's fees, and remanded to the trial court to fix the amount of the fees.[2]Young v. Hector, 851 So.2d 762 (Fla. 3d DCA 2003). The former wife, Alice G. Hector ("former wife"), then filed a petition to withdraw the mandate and challenged the propriety of the award of appellate attorney's fees to the former *1027 husband. The petition to withdraw was denied.[3]
Thereafter, the trial court conducted a hearing on the former husband's motion for attorney's fees. The former husband's expert witness testified that the reasonable number of hours expended by the former husband's attorney was 75.3 hours, and that the $300 per hour rate was a reasonable hourly rate. Thus the expert witness opined that the reasonable amount of the fee award would be $22,590.
No expert witness testified on behalf of the former wife. However, notwithstanding the mandate, the former wife's counsel again argued against the former husband's entitlement, raising the same issues argued on appeal and in her petition to withdraw mandate. In apparent agreement with the arguments made by the former wife's counsel, the trial court determined the reasonable hours to be 15 hours (instead of 75.3), and awarded attorney's fees of $4,500 (instead of $22,590). The trial court also awarded expert fees in the amount of $1350 and awarded costs only for the filing fee in the amount of $250.
The former husband then filed the instant "Motion For Review of Order on Appellate Costs and Attorney's Fees", and a "Motion for Attorney's Fees" with this Court. The former husband essentially argues in this proceeding that the trial court was misled into revisiting the attorney's fees entitlement issue, and erred in reducing the reasonable attorney's fees by $18,900 and in awarding only the filing fee for costs. We agree.
We see no reason why the former husband was not awarded the full amount of costs including charges for preparation of the record. See Fla. R.App. P. 9.400. The trial court's order which awarded an unreasonably low amount of attorney's fees and costs, is not supported by the record. See Larsen v. Larsen, 429 So.2d 725 (Fla. 3d DCA 1983). Therefore we remand with instructions to increase the award of appellate attorney's fees to $22,590, and to increase the award of costs to $488.
With regard to the attorney's fees incurred in the instant action, we grant attorney's fees in favor of the former husband and against the former wife, based upon the need to file an appeal made necessary by frivolous claims brought before the trial court. See Forum v. Boca Burger, Inc., 788 So.2d 1055 (Fla. 4th DCA 2001).
The former wife's counsel argued to the trial judge that it was improper to grant fees which were clearly proper, and re-argued issues which had already been denied by this Court. By so doing, the trial judge was plainly misdirected and misled. No possible view of the law would sustain the former wife's counsel's arguments which led the trial judge to the incorrect result that the former husband was needlessly forced to appeal.[4]See Savage v. *1028 Macy's East, Inc., 719 So.2d 1208 (Fla. 3d DCA 1998); Citibank, N.A. v. Plapinger, 469 So.2d 144 (Fla. 3d DCA 1985).
We remind counsel that, especially in the area of family law, great care should be taken to reduce emotional strife and to avoid vexatious and needless litigation. This Court will not hesitate to impose sanctions against parties and their counsel where unnecessary fees are incurred in response to frivolous positions and claims. In Visoly v. Sec. Pac. Credit Corp., 768 So.2d 482 (Fla. 3d DCA 2000), this Court assessed attorney's fees against the appellant and appellant's counsel finding that the issues raised on appeal were neither supported by the record, cogent argument, nor pertinent legal authority. We granted attorney's fees in favor of the appellee for the unnecessary litigation costs incurred in being forced to defend a frivolous appeal.
Here, we are asked to grant a motion for attorney's fees in favor of the appellant for the unnecessary litigation costs in being forced to pursue appeal. Although Visoly differs procedurally from the instant case, the same basic principles regarding ethical responsibilities and responsibilities for payment of attorney's fees apply.
In fulfilling his or her primary duty to a client, a lawyer must be ever mindful of the profession's broader duty to the legal system. This broader duty to the administration of justice and the judiciary cannot be forsaken in the name of zealous advocacy or self-interest. See Visoly v. Sec. Pac. Credit Corp., 768 So.2d at 482.[5] It is simply unacceptable for an attorney to misdirect a trial judge to achieve a result that is clearly erroneous. See Forum v. Boca Burger, Inc., 788 So.2d at 1055.[6] This Court will impose sanctions not only to deter those who would pursue appeals which clearly lack merit, but also to deter those who would argue unsupported positions that are clearly contrary to appellate mandate.
Here, counsel for the former wife, even in the responses filed in the instant proceeding, continued to argue and re-litigate matters already determined non-meritorious *1029 and which should have been finally concluded by this Court's mandate. These arguments were contradicted by the record and established case law. See Savage v. Macy's East, Inc., 719 So.2d at 1208; Citibank v. Plapinger, 469 So.2d at 144. Accordingly, the former wife and her counsel shall be jointly responsible for the attorney's fees incurred by the former husband in the instant action based upon their conduct both in the trial court and in this Court. See Forum v. Boca Burger, Inc., 788 So.2d at 1055; Visoly v. Sec. Pacific Credit Corp., 768 So.2d at 482; Wood-Cohan v. Prudential Ins. Co. of America, 715 So.2d 999 (Fla. 4th DCA 1998).
Reversed and remanded with instructions.
NOTES
[1] The former wife, appellee Alice Hector ("former wife") had successfully obtained a freeze on the minor children's trust account proceeds related to the sale of certain property. The former wife argued in support of the freeze that the proceeds needed to be frozen in order to be available in case the former wife's motion for child support was granted. Despite the fact that evidence in the record suggested the former wife's salary was fifteen (15) times greater than the former husband's salary, and that no order for the former husband to pay child support existed, the trial court ordered the trust account proceeds frozen.

On appeal, this Court reversed finding "the trial court exceeded its jurisdiction in freezing assets in a purported trust account without either a basis in the pleadings or the evidence." This Court observed: "We further note that the trial court would not allow the petitioner, who was neither disrespectful nor disruptive, to speak to his attorney. The court stated: `No, you may not speak to your attorney in this hearing. You may give your attorney a note. Is that clear?' This, we believe, is somewhat improper." Young v. Hector, 851 So.2d 762 (Fla. 3d DCA 2003). Shortly after this Court's mandate, the former wife withdrew her motion to determine child support.
[2] The mandate from this Court issued on August 29, 2003.
[3] We note that the petition to withdraw the mandate did not allege any new basis for jurisdiction and did not allege any new information that, if true, would have mandated a contrary result.
[4] It is unfortunate that even in this appellate proceeding, counsel for the former wife was not forthright in her responses to the former husband's motion. This necessitated an order requiring the parties to file supplemental responses addressing the specific issues raised and whether sanctions were appropriate. Thereafter, the former wife retained new counsel to represent her in responding to this Court's order. Both prior counsel and the former wife through her new counsel filed supplemental responses which, this time, did address the issues at bar, albeit at the expense of causing further unnecessary litigation and costs. We do find troubling the fact that the former wife's prior counsel, Bette Ellen Quiat, through her newly retained appellate counsel, Jay M. Levy, thereafter decided to file a "supplemental reply" to a previously filed reply, which was neither ordered by this Court nor authorized by appellate rule. Particularly in light of the fact that we have warned both parties that this case has already been tortuously over-litigated, the filing of this unauthorized "supplemental reply" was clearly improper and is ordered stricken.
[5] We reiterate our warning in Visoly that this Court will not tolerate unprofessional behavior: "The privilege to practice law requires attorneys to conduct themselves in a manner compatible with the administration of justice. While counsel does have an obligation to be faithful to their clients' lawful objectives, that obligation cannot be used to justify unprofessional conduct by elevating the perceived duty of zealous representation over all other duties. See P.T.S. Trading Corp. v. Habie, 673 So.2d 498 (Fla. 4th DCA 1996)(fees awarded for abuse of process, quoting Rules Regulating the Florida Bar, Rule 4-3.1). Counsel has a concurrent duty to the legal system and the public good to ensure appeals are pursued in good faith and are not frivolous. See R. Regulating Fla. Bar 4-3.1, (`A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous....'); see also R. Regulating Fla. Bar 4-3.2 (`A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.')." Visoly v. Sec. Pac. Credit Corp., 768 So.2d at 492.
[6] As eloquently stated in Forum v. Boca Burger, Inc., 788 So.2d at 1062: "Might does not make right, at least in the courtroom. We do not accept the notion that outcomes should depend on who is the most powerful, most eloquent, best dressed, most devious and most persistent with the last wordor, for that matter, who is able to misdirect a judge.... [I]t is [not] acceptable for lawyers to suggest a trial judge into applying a rule or a discretion that they knowor should knowis contrary to existing law."