MORRIS, Judge.
Eddie D. Perea appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the record does not refute his claim, we reverse the order of denial and remand for further proceedings.
In 2009, Perea entered a guilty plea to one count of burglary with an assault or battery and two counts of robbery with a firearm, all first-degree felonies punishable by life. He entered the plea in exchange for a sentence of 111.9 months in prison followed by ten years’ probation. His convictions and sentences were affirmed on appeal. See Perea v. State, 68 So.3d 243 (Fla. 2d DCA 2011) (table decision).
In 2011, Perea filed a timely rule 3.850 motion, alleging that his trial counsel coerced him to enter his plea by telling him that if he did not enter into a plea agreement, he would be given the maximum sentence allowed by law. He claimed that his attorney “presented the plea agreement as the only alternative to the maximum sentence.” Perea alleged that but for the coercion, he would not have pleaded but would have proceeded to trial.
The postconviction court summarily denied Perea’s claim, concluding that the plea colloquy record directly refuted his claim because it showed that Perea “replied in the negative when asked by the [c]ourt whether he had been forced, coerced, or threatened into entering his plea.” The record of the plea hearing shows that the trial court asked Perea if “anybody forced, coerced, or threatened you to get you to enter the plea” and that Perea answered “No.” But this dialogue does not refute Perea’s claim. In his motion, Perea argued that counsel told him that the only way to avoid the maximum sentence was by plea agreement. If this allegation were true, Perea would not have known at the time of his plea that he was being “coerced” or that counsel had misad-vised him. Therefore, this portion of the transcript does not refute Perea’s claim that he was told by counsel that he would receive the maximum if he proceeded to trial. See Fla. R. Crim. P. 3.850(d) (providing that a claim may be summarily denied “[i]f the motion, files, and records in *669 the case conclusively show that the movant is entitled to no relief’); Boule v. State, 884 So.2d 1028, 1025 (Fla. 2d DCA 2004) (holding that although the plea transcript indicated that defendant stated that “no one had made him any promises other than what was contained in the plea agreement,” transcript did not refute his “claim that his attorney told him he would definitely receive a life sentence if he rejected the plea offer and went to trial”).
The remainder of the plea hearing transcript also fails to refute Perea’s claim that he was told he would receive the maximum sentence if he were to be convicted after trial. When addressing each of the three charges, the trial court informed Perea that each was a “first[-]degree felony punishable by up to life in prison.” The trial court generally informed Perea that he could be sentenced up to life on the charges, but the trial court did not specifically address whether those potential sentences applied after a plea or after a conviction at trial. Therefore, the trial court’s statements were not specific enough to refute Perea’s claim that he had been told by counsel that the only way to avoid life sentences was by entering a plea to the charges. See Johnson v. State, 736 So.2d 713, 714 (Fla. 2d DCA 1999) (holding that record did not conclusively refute defendant’s claim that his counsel told him that “if he went to trial and was convicted, the court would be legally required to impose the maximum” sentence; plea colloquy did not address what sentence defendant would face if convicted at trial); of. Woodly v. State, 937 So.2d 193, 197-98 (Fla. 4th DCA 2006) (holding that record conclusively refuted defendant’s claim that “he was assured by ... counsel that if he did not take the negotiated plea, the trial judge would impose a life sentence after trial if he were convicted”; both prosecutor and trial court stated that potential penalty was “up to life imprisonment,” trial court confirmed that “life sentence was discretionary and not mandatory,” and trial court confirmed that nobody had told defendant otherwise). We also note that nothing in the plea form refutes Perea’s claim.
Accordingly, we reverse the postconviction court’s denial and remand for the postconviction court to either hold an evi-dentiary hearing on Perea’s claim or to attach record documents that conclusively refute it.
Reversed and remanded.
NORTHCUTT and BLACK, JJ., Concur.